The State of Ohio, Appellee, v. Parrott, Appellant.

(No. 70-544—Decided July 14, 1971.)

*Mr. Richard J. Wessel,* prosecuting attorney, for appellee.

*Mr. Morris G. Sullivan,* for appellant.

DUNCAN, J. In *Coleman* v. *Alabama* (1970), 399 U. S. 1, decided on June 22, 1970, the United States Supreme Court, in dealing with an Alabama criminal prosecution, decided that a preliminary examination was a critical stage of the criminal process during which a defendant's right to counsel is protected by the Sixth and Fourteenth Amendments to the United States Constitution. It was there held that a denial of counsel at that stage invalidates a subsequent conviction unless it can be shown that the denial was harmless error. Under the rule of *Chapman* v. *California* (1967), 386 U. S. 18, the denial of the constitutional right can be harmless error only if illustrated harmless beyond a reasonable doubt.

Even though there are certain differences between the Alabama preliminary examination procedure and that in Ohio, there remains no question that after the decision in *Coleman* v. *Alabama, supra,* Ohio courts are required to observe the Sixth and Fourteenth amendment rights of an accused at a preliminary examination, notwithstanding prior decisions of this court have held otherwise. See

*State, ex rel. Haynes,* v. *Powers* (1969), 20 Ohio St. 2d 46; *Freeman* v. *Maxwell* (1964), 177 Ohio St. 93.

We must first decide whether the *Coleman* rule is retroactive so as to establsh requirements for the preliminary examination in the case at bar. Other jurisdictions apparently have reached different conclusions regarding whether the rule in *Coleman* is applicable retrospectively. [1]

Appellant invites our attention to the fact that the case of *White* v. *Maryland* (1963), 373 U. S. 59, was held to be retroactive. The case at bar, as well as *Coleman,* is distinguishable from *White* v. *Maryland, supra.* Although "critical stage" language was used in *White* and in *Coleman* in describing a preliminary examination, in *White,* a guilty plea entered by the defendant not represented by counsel at a preliminary hearing was permitted to be used against him at trial. The denial of counsel in *White* under those circumstances was held to be violative of the constitutional right to counsel, and its thrust so serious that a *fair trial was denied.* The court, in *Arsenault* v. *Massachusetts* (1968), 393 U. S. 5, 6, stated:

"The right to counsel at the trial (*Gideon* v. *Wainwright,* 372 U. S. 335); on appeal (*Douglas* v. *California,* 372 U. S. 353); and *at the other 'critical' stages of the criminal proceedings* (*Hamilton* v. *Alabama,* 368 U. S. 52) *have all been made retroactive,* since the 'denial of the right must almost invariably deny a fair trial.' See *Stovall* v. *Denno,* 388 U. S. 293, 297. (Emphasis added.)"

See, also, *Kitchens* v. *Smith* (1971),    U. S.    , 28 L. Ed. 2d 519.

---

[1]The following jurisdictions apparently have applied *Coleman* to issues that had arisen prior to its being decided: *Schnepp* v. *Hocker* (C. C. A. 9, 1970), 429 F. 2d 1096; *Hurley* v. *Bonnett* (C. C. A. 5, 1970), 430 F. 2d 1275; *People* v. *Winslow* (1970), 35 A. D. 2d 594, 313 N. Y. Supp. 2d 571. The following decisions have held *Coleman* to have prospective application only: *United States* v. *Pate* (C. C. A. 7, 1970), 430 F. 2d 639; *Kochel* v. *State* (1970), 10 Md. App. 11, 267 A. 2d 755; *Commonwealth* v. *James* (1970), 440 Pa. 205, 269 A. 2d 898; *State* v. *Caffey* (Mo., 1970), 457 S. W. 2d 657; *Konvalin* v. *Sigler* (C. C. A. 8, 1970), 431 F. 2d 1156.

Where evidence is taken or a plea of guilty is entered by a defendant who was deprived of the constitutional right to legal assistance at a preliminary examination, and such evidence or plea is allowed to be used against the defendant at his trial, the harm is so far-reaching that it approaches a kind of denial of counsel held to be a violation of the United States Constitution and retroactive in *Gideon* v. *Wainwright, supra* (372 U. S. 335).

In *Coleman* v. *Alabama, supra* (399 U. S. 1), the rationale of the court clearly describes the handicap to a defendant at trial stemming from the failure to have counsel at a preliminary examination, including the process of accumulating information for the future trial. The court did not, however, hold that deficiency to be a *denial* of counsel in the *Gideon* sense.

The differing concerns are evidenced by the fact that, in *Coleman,* the constitutional infirmity *could* be shown to be harmless error. On the other hand, when counsel is denied at a preliminary examination, where evidence taken or a plea entered at the hearing is introduced against a defendant at trial, the error cannot be shown to be harmless error. See *White* v. *Maryland, supra.*

A declaration that a particular stage is a "critical stage" in a criminal proceeding carries no mandate that the declaration be applied retroactively. *United States* v. *Wade* (1967), 388 U. S. 218; *Gilbert* v. *California* (1967), 388 U. S. 263; *Miranda* v. *Arizona* (1966), 384 U. S. 436; and *Escobedo* v. *Illinois* (1964), 378 U. S. 478, involved "critical stages" in criminal proceedings. Nevertheless, the rule of those cases has been decided to be applicable prospectively only. See *Johnson* v. *New Jersey* (1966), 384 U. S. 719; *Stovall* v. *Denno* (1967), 388 U. S. 293.

In view of the basis of the decision in *Coleman* v. *Alabama, supra* (399 U. S. 1), the reliance placed on the former determinations of the noncritical nature of a preliminary examination under R. C. 2937.01 *et seq.,* and the fact that, in this case, appellant has not indicated that any evidence taken at a preliminary examination was er-

roneously permitted to affect his trial, we decide that the trial court did not err in ruling on the motion to suppress. *Stovall* v. *Denno, supra.*

The rule announced in *Coleman* v. *Alabama, supra,* that a preliminary examination is a critical stage of the criminal process during which a defendant's right to counsel is protected by the Sixth and Fourteenth Amendments to the United States Constitution, and that a denial of counsel at that stage invalidates a subsequent conviction, unless the denial of counsel can be shown to be harmless error, is not applicable retrospectively.

Appellant also urges that the trial court erred in instructing the jury on the lesser included offense of carnal knowledge of a female under sixteen with her consent. R. C. 2905.03. He argues that this offense "entails the presence of some evidence that the act of intercourse was by *agreement* of the parties and without force," and that there is no evidence of such an agreement. In order to sustain a conviction under this statute the state need not prove that the act was with the consent of the female. The rule is well established that "Consent of the victim is not an essential element of the crime of statutory rape specified in Section 2905.03 Revised Code (carnal knowledge by one 18 or over of 'a female * * * under * * * 16 * * * with her consent')." *State* v. *Daniels,* 169 Ohio St. 87, paragraph one of the syllabus; *State* v. *Carl* (1905), 71 Ohio St. 259. See also *Radke* v. *State* (1923), 107 Ohio St. 399.

On the other hand, for a conviction under R. C. 2905.01 and 2905.02, there must be evidence that the act was done "against her will" and without her consent. See *State* v. *Daniels, supra,* paragraph two of the syllabus. Therefore, under R. C. 2905.03 proof of the consent of a female under 16, to intercourse is not a necessary element of the state's case. Conversely, under 2905.01 and 2905.02, a female may consent to intercourse and such acquiescence would prevent a finding that the act was done against her will. The court's instruction was proper.

We also find no error in the trial court's refusal to

allow appellant to introduce the hospital record of the alleged victim's examination. The trial court had first sustained appellant's objection to the state's introduction of the same hospital report under our ruling in *State* v. *Tims* (1967), 9 Ohio St. 2d 136, which held:

"The Business Records as Evidence Act, Section 2317.40, Revised Code, which allows the admission into evidence of records without substantiation by the person who actually performed the acts which resulted in such record, is not applicable to criminal proceedings so as to allow the admission into evidence under such act of hospital records showing the results of a physical examination of an alleged rape victim."

We do not believe that it was an abuse of discretion for the court to again refuse the introduction of this exhibit merely because the second attempt to introduce it was by the defendant.

The court's refusal, at the hearing on appellant's momion to suppress, to allow defense counsel the right to cross-examine Detective Castator as a hostile witness was also well within the perimeter of its discretion. Counsel did not give a reason for his request. Castator's testimony obviously was not supportive of appellant's theory of suppression of the evidence. We find no facts from which the trial court's decision of this matter can be deemed erroneous.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C, J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.