OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Spates, Appellee.

[Cite as State v. Spates (1992),      Ohio St.3d    .]

Criminal law -- Defendant's right to counsel at preliminary
hearing protected by Sixth and Fourteenth Amendments to
United States Constitution -- Defendant waives right to
challenge denial of right to counsel at preliminary
hearing, when.

1.  A preliminary hearing is a critical stage of the
criminalprocess during which a defendant's fundamental
right to counsel is protected by the Sixth and Fourteenth
Amendments to the United States Constitution.  (Coleman v.
Alabama [1971], 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387,
followed.)

2.  A defendant's plea of guilty entered into knowingly,
intelligently and voluntarily after a preliminary hearing
waives defendant's right to challenge a claimed
deprivation of the constitutional right to counsel at the
preliminary hearing stage of a criminal proceeding.
(Tollett v. Henderson [1973], 411 U.S. 258, 267, 93 S.Ct.
1602, 1608, 36 L.Ed.2d 235, 243, followed.)

(No. 91-984 -- Submitted April 29, 1992 -- Decided August
5, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No.
57592.

On May 6, 1988, defendant-appellee, Allen L. Spates, was
arrested by the Cuyahoga Heights police and charged with
carrying a concealed weapon, in violation of R.C. 2923.12;
receiving stolen property, in violation of R.C. 2913.51; and
having a weapon while under a disability, in violation of R.C.
2923.13.  The latter charge stemmed from defendant's prior
felony conviction.

On May 16, 1988, defendant appeared in municipal court for
a preliminary hearing.  However, defendant's court-appointed
attorney, Daniel Gaul, did not appear at this hearing.  A
transcript of the hearing taken from an audio tape was ordered
by the court of appeals below.  In relevant part, the following
colloquy took place between the municipal court judge and
defendant:

"Now, your attorney has suggested you sign the waiver of

preliminary hearing, that you refuse to do.  Your attorney has suggested that you sign a waiver of a (unintelligible) speedy preliminary hearing.  That, you say, you don't want to do either.  Consequently your attorney has stated that you handle it pro se.  Means, by yourself.

"Do you understand?

"A VOICE:  Yeah.

"A VOICE:  So you are handling this by yourself?

"A VOICE:  No, not if I don't have to.

"A VOICE:  Pardon.

"A VOICE:  No, not -- I don't want --

"A VOICE:  Your attorney told you to.  So that's what going (unintelligible)

"A VOICE:  He told he wasn't my attorney until my wife got --

"A VOICE:  Sir, you are handling it by yourself.

"Do you want to call your first witness, sir?

"A VOICE:  (Unintelligible)

"A VOICE:  Sir, you are handling it by yourself with the advise [sic] of your attorney."

Defendant thus acted pro se at the preliminary hearing and was subsequently bound over to the grand jury and indicted on the charges for which he was arrested.

On October 18, 1988, defendant was brought to trial in the common pleas court and was represented by a public defender. At that time, the trial court conducted a hearing on defendant's motion to suppress the handgun which had been found in defendant's automobile when the police conducted an inventory search.  The court overruled the motion and a jury was thereafter impaneled.  On the following day, trial began with the testimony of two prosecution witnesses.  After a short recess, defendant withdrew his plea of not guilty and entered a plea of guilty to the charges of carrying a concealed weapon and having a weapon while under a disability.  The charge of receiving stolen property was nolled upon the recommendation of the state.  The trial judge then questioned defendant at length concerning his plea, i.e., that by pleading guilty he would be giving up various constitutional rights that he had, and defendant replied that he understood what he was doing.  The court found that defendant's pleas were knowingly, voluntarily and intelligently entered; found him guilty of the two gun-related charges; and sentenced him accordingly.

Upon appeal, the court of appeals reversed and vacated defendant's conviction.  The appellate court held that the denial of counsel to defendant at the preliminary hearing occurred during a critical stage in the criminal prosecution, and that such denial constituted prejudicial error.

The cause is before this court pursuant to the allowance of a motion for leave to appeal.

Stephanie Tubbs Jones, Prosecuting Attorney, George J. Sadd and Karen L. Johnson, for appellant.

Kraig & Pasz and Brian Kraig, for appellee.

Sweeney, J.   The defendant-appellee argues that the denial of assistance of counsel at the preliminary hearing was prejudicial error and a violation of his constitutional right

to counsel at a critical stage of the criminal proceedings.

The plaintiff-appellant, state of Ohio, contends that defendant's plea of guilty waives his right to appeal his conviction on the ground that he was deprived of counsel at the preliminary hearing.

For the reasons that follow, we hold that defendant waived his right to challenge the denial of his right to counsel at the preliminary hearing, since he entered a plea of guilty to the charges lodged against him. Therefore, we reverse the judgment of the court of appeals below.

In Coleman v. Alabama (1971), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, the high court held that a preliminary hearing is a critical stage of the criminal process during which a defendant's fundamental right to counsel is protected by the Sixth and Fourteenth Amendments to the United States Constitution. See, also, State v. Parrott (1971), 27 Ohio St.2d 205, 56 O.O.2d 124, 272 N.E.2d 112. Thus, Coleman ensures a defendant's fundamental right to counsel at the earliest stages of the criminal process.

While the denial of counsel at the preliminary-hearing stage of a criminal proceeding will almost always constitute reversible error, a subsequent guilty plea by defendant during the criminal proceeding may constitute a waiver of any and all constitutional infirmities that occur prior to the submission of the guilty plea.

In Tollett v. Henderson (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243, the Supreme Court of the United States held in relevant part:

"We thus reaffirm the principle recognized in the Brady [v. United States (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747] trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763].

Given the clear language in Tollett, supra, the crucial inquiry in the instant cause becomes whether defendant's plea of guilty constituted a knowing, intelligent and voluntary waiver of his right to counsel at the preliminary hearing. See, also, United States v. Broce (1989), 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927.

As pointed out by this court in State v. Kelley (1991), 57 Ohio St.3d 127, 129, 566 N.E.2d 658, 660, this inquiry entails a review of the record to ensure that Crim.R. 11 was followed by the trial court upon defendant's submission of the guilty plea.1

In the cause sub judice, we have undertaken a meticulous and thorough review of the trial record before us, and conclude that the trial court did indeed follow the dictates of Crim.R. 11 before it entered judgment and sentencing. In fact, after informing and questioning defendant in accordance with Crim.R.

11, the trial court declared:  "Let the record reflect that the Court finds the pleas entered by Mr. Spates, that he knowingly, intelligently and voluntarily entered."  Accordingly, we find that defendant knowingly, intelligently and voluntarily waived his right to challenge the denial of counsel at the preliminary hearing when he subsequently entered a plea of guilty to the charges brought against him.  See Ross v. Court (1972), 30 Ohio St.2d 323, 59 O.O.2d 385, 285 N.E.2d 25.

Therefore, we follow the opinion rendered in Tollett, supra, and hold that a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding.

Based on all the foregoing, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for execution of sentence.

Judgment reversed
and cause remanded.

Moyer, C.J., Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

FOOTNOTE:

1 Crim.R. 11 states in relevant part:

"(C)  Pleas of guilty and no contest in felony cases.

"***

"(2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a)  Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b)  Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c)  Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."