OPINION
On February 28, 1996, defendant-appellant, Christopher Martin, was indicted on two counts of raping a child under thirteen years of age in violation of R.C. 2907.02(A)(1)(b). The indictment alleged that appellant had engaged in two separate instances of sexual intercourse with the victim, twelve-year-old Fayth F., on January 17, 1996.
Appellant entered not guilty pleas to both charges and moved to suppress statements he made to police during a custodial interrogation on January 23, 1996. The trial court held a hearing on appellant's motion to suppress on April 23, 1996. The trial court subsequently overruled appellant's motion to suppress and the case was tried to a jury in the Clinton County Court of Common Pleas on May 3, 1996.
Fayth F. testified at trial that she went out with her sister, Amber F., her sister's boyfriend, Philip Davis, and appellant on the night of January 16, 1996. Fayth F. testified that appellant eventually drove her, Amber F., and Davis to a park in Wilmington, Ohio where Amber F. and Davis left the car and had sex on some wooden playground equipment which was located in the park. Fayth F. testified that she and appellant walked in the park for a brief period and then returned to appellant's car where they had vaginal intercourse in the back seat. Fayth F. also testified that she later accompanied appellant to his home in Wilmington where the two had vaginal intercourse a second time and then slept together on the floor. Fayth F. further testified that she was twelve years of age at the time both instances of vaginal intercourse occurred.
Wilmington Police Officer Joe Noland testified that he interviewed appellant at police headquarters on January 23, 1996 after police received a report that appellant had engaged in sex with Fayth F. Noland advised appellant of his Miranda rights and then questioned him regarding the nature of his relationship with Fayth F. Appellant eventually admitted that he "did it" with Fayth F. in the backseat of his car on the night of January 16, 1996. An audio recording of appellant's confession was also offered into evidence by the state.
Appellant did not testify at trial or present any other evidence in his own defense. Appellant was convicted of one count of rape in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced appellant to a five to twenty-five year term of imprisonment in accordance with R.C. 2929.11(B)(1)(a). Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN FINDING THAT THE STATEMENT TAKEN BY PATROLMAN NOLAND ON 1-23-96 FROM DEFENDANT/APPELLANT WAS NOT TAKEN IN VIOLATION OF DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHTS, AND IN NOT SUPPRESSING SAID STATEMENT, WHICH WAS USED AT TRIAL AND WAS CRITICAL IN THE JURY'S DELIBERATIONS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN DENYING THE MOTION TO DISMISS AND MOTIONS FOR ACQUITTAL MADE PURSUANT TO CRIM.R. 29 ON BEHALF OF DEFENDANT/APPELLANT.
Assignment of Error No. 3:
 THE INDICTMENT, TRIAL, CONVICTION, AND SENTENCING OF CHRIS MARTIN UNDER THE STATUTE ORC 2907.02(A)(1)(b) AS APPLIED TO THE FACTS OF THIS CASE ARE UNCONSTITUTIONAL AND IN VIOLATION OF CHRIS MARTIN'S RIGHTS UNDER THE 8TH AND 14TH AMENDMENTS, U.S. CONSTITUTION AND ART. I SECTION 9 OHIO CONSTITUTION.
In his first assignment of error, appellant contends that the trial court erred in overruling his motion to suppress. Appellant argues that police violated the Fourth Amendment by taking him into custody without authority to do so and that his subsequent admissions during questioning must therefore be suppressed.
Crim.R. 12(B) requires a defendant to raise any objection to the admissibility of unconstitutionally obtained evidence in a pretrial motion to suppress. State v. Moody (1978), 55 Ohio St.2d 64,65-66; State v. Gavin (1977), 51 Ohio App.2d 49, 52-53. The defendant's motion to suppress must clearly identify the grounds upon which he challenges the constitutionality of a warrantless seizure. See Crim.R. 47; Xenia v. Wallace (1988), 37 Ohio St.3d 216,218. "Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." State v. Peagler (1996), 76 Ohio St.3d 496,500; Wallace at 218.
Our review of the record indicates that appellant filed a motion to suppress and an accompanying memorandum of law in which he alleged that his confession was involuntary and that he had not validly waived his Miranda rights. However, there is absolutely nothing in the record which indicates that appellant challenged the constitutionality of his initial arrest at any stage of the proceedings before the trial court. Therefore, appellant waived his right to obtain appellate review of this issue by failing to raise it in a timely manner. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred in overruling his Crim.R. 29(A) motion for acquittal. Crim.R. 29(A) provides, in pertinent part, as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
A trial court's function in ruling on a Crim.R. 29(A) motion for acquittal is to examine all of the evidence admitted at trial and to then determine whether reasonable minds could reach different conclusions as to whether all material elements of the offense were proven beyond a reasonable doubt. State v. Apanovitch (1987), 33 Ohio St.3d 19, 23.
R.C. 2907.02(A) defines the crime of rape and provides, in pertinent part, that "[n]o person shall engage in sexual conduct with another * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.01(A) further defines "sexual conduct" for purposes of 2907.02(A) as follows "`[s]exual conduct' means vaginal intercourse between a male and female * * *. Penetration, however slight, is sufficient to complete vaginal * * * intercourse."
The record indicates that the state presented substantial, credible evidence which would allow the jury to conclude that appellant engaged in two separate instances of vaginal intercourse with the victim, twelve-year-old Fayth F., in violation of R.C. 2907.02(A)(1)(b). Therefore, the trial court properly overruled appellant's Crim.R. 29(A) motion for acquittal. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that his sentence violates the Eighth Amendment ban on cruel and unusual punishment. The Eighth Amendment prohibits punishments that are either cruel and unusual by their very nature or grossly disproportionate to the severity of the crime committed. Solem v. Helm (1983), 463 U.S. 277, 284, 103 S.Ct. 3001, 3006. A sentence of imprisonment which is imposed pursuant to a validly enacted statute generally does not violate the Eighth Amendment prohibition on cruel and unusual punishment unless it is "so greatly disproportionate to the offense as to shock the sense of justice of the community." State v. Chaffin (1972), 30 Ohio St.2d 13, syllabus; McDougle v. Maxwell (1964), 1 Ohio St.2d 68,69.
The record indicates that the five to twenty-five year term of imprisonment imposed by the trial court in this case was the least severe sentence that could legally have been imposed under R.C. 2929.11. Appellant simply has not demonstrated to the satisfaction of this court that such a penalty is so grossly disproportionate to the grievous crime of raping a child under the age of thirteen that it constitutes cruel and unusual punishment. Nor are we persuaded that appellant's sentence is unconstitutional because both instances of sexual intercourse in this case were "consensual." A child's apparent acquiescence to an act of sexual intercourse is irrelevant to whether the defendant committed a violation of R.C. 2907.02(A)(1)(b). See State v. Parrott (1971), 27 Ohio St.2d 205, 210; State v. Carl (1905), 71 Ohio St. 259, 265-66. The law simply prohibits anyone from engaging in sexual conduct with a child below the age of thirteen under any circumstances whatsoever. Therefore, appellant's third assignment of error is overruled. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.