JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Romell Ramsey appeals from his guilty plea to one count of trafficking in drugs, with a schoolyard specification and a firearm specification, and one count of possession of drugs. For the reasons set forth below, we affirm.
 {¶ 2} On March 7, 2001, defendant was indicted in Case No. 403711 for possession of less than one gram of cocaine. On December 10, 2001, defendant entered a guilty plea to the charge. On February 22, 2002, defendant moved to vacate his plea and the trial court granted the motion.
 {¶ 3} Defendant and a co-defendant were subsequently indicted on July 29, 2002 in Case No. 425996 pursuant to an eight count indictment. As is relevant to defendant, Count Two charged defendant with trafficking in heroin, in an amount equal to or exceeding one gram but less than five grams, with firearm and schoolyard specifications. Count Three charged defendant with possession of heroin in an amount equal to or exceeding one gram but less than five grams. Count Four charged defendant with trafficking in less than one gram of heroin, with firearm and schoolyard specifications. Count Five charged defendant with trafficking in heroin, in an amount equal to or exceeding one gram but less than five grams. Count Six charged defendant with possession of heroin, in an amount equal to or exceeding one gram but less than five grams. Count Seven charged defendant with possession of criminal tools, and Count Eight charged defendant with tampering with evidence.
 {¶ 4} On September 16, 2002, defendant pled guilty to possession of drugs as charged in Case No. 403711, and also pled guilty to Count Two of the indictment in Case No. 425996, trafficking in heroin, in an amount equal to or exceeding one gram but less than five grams, with firearm and schoolyard specifications.
 {¶ 5} The record of the plea proceedings reveals that the assistant prosecutor outlined the possible penalties, and explained that the charge in Case No. 425996 had schoolyard and firearm specifications and that defendant would be forfeiting a nine millimeter Smith 
Wesson handgun. The court then engaged in a colloquy with defendant which provided in relevant part as follows:
 {¶ 6} "THE COURT: Mr. Ramsey, did you understand everything the prosecutor and your attorney just said?
 {¶ 7} "THE DEFENDANT: Yes, sir.
 {¶ 8} "* * *
 {¶ 9} "THE COURT: With regard to Case No. 425996, how do you plead to the charge of trafficking in drugs * * * which states that you did unlawfully prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance; to wit: heroin, a Schedule 1 drug, in an amount equal to or exceeding one gram but less than five grams, * * * and that you had a firearm on or about your person or under your control * * * and that you committed this offense on school premises, or in a school premises, within a thousand feet of school premises * * * *." (Tr. 33-34).
 {¶ 10} Defendant was subsequently sentenced to a term of eleven months incarceration in Case No. 403711, concurrent to a total of three years incarceration in Case No. 425996. Defendant now appeals and assigns a single error for our review.
 {¶ 11} Defendant's assignment of error states:
 {¶ 12} "The Appellant's plea in Case No. 425996 is invalid as the trial court failed to adequately explain the nature and circumstances of the offense."
 {¶ 13} We consider whether the trial court accepted a plea in compliance with Crim.R. 11(C) in accordance with a de novo standard of review. State v. Jones, 2002 Ohio 1271, Ohio 8th App. No. 79811; Statev. Sample, 2003 Ohio 2756, Ohio 8th App. No. 81357. A determination of whether a plea was knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272, 1992 Ohio 130, 595 N.E.2d 351. Moreover, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Nero (1990),56 Ohio St.3d 106, 564 N.E.2d 474. The test is whether the plea would have otherwise been made. Id.
 {¶ 14} Crim.R. 11(C)(2) provides:
 {¶ 15} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 16} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 17} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 18} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 19} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished constitutional and non-constitutional rights. See State v.Higgs (1997), 123 Ohio App.3d 400, 402, 704 N.E.2d 308; State v. Gibson
(1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. See State v. Stewart (1977),51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163; State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus. "Strict compliance" does not require a rote recitation of the exact language of the rule; rather, the focus on review is whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." State v. Ballard, supra.
 {¶ 20} As to the non-constitutional rights set forth in Crim.R. 11, only substantial compliance is required. Stewart, supra, at 93; Statev. Nero, supra. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id.
 {¶ 21} The right to be informed of the nature of the charge is non-constitutional right. See State v. Nero, supra; State v. Sample, 2003 Ohio 2756, Ohio 8th App. No. 81357; State v. Clark, 2002 Ohio 15, Ohio 8th App. No. 79386. The trial court's advisement of the nature of the charge is, therefore, reviewed for substantial compliance. Id.; Statev. Collins (July 5, 2001), Ohio 8th App. No. 78596. The trial court need not inform the defendant of each element of the offense, but rather need only ensure that he understands the charge brought against him. See Statev. Rainey (1982), 3 Ohio App.3d 441, 442, 446 N.E.2d 188; State v. Swift
(1993), 86 Ohio App.3d 407, 412, 621 N.E.2d 513. Accord State v. Arafat
(Oct. 5, 2000), Ohio 8th App. No. 76765 (an understanding of the charge does not equate to a detailed recitation of the elements of an offense);State v. Williams, (Nov. 22, 2000), Ohio 8th App. No. 77437 (same).
 {¶ 22} The court's determination that a defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney. The Rainey Court stated:
 {¶ 23} "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court."
 {¶ 24} In this matter, the assistant prosecutor outlined the charge at issue and also explained that there was a schoolyard specification and firearm specification, and that a Smith Wesson handgun would be forfeited due to the offense. Before entering his plea, defendant told the court he understood everything that took place in his case, and his attorney stated that he believed that the forthcoming plea would be knowing, intelligent, and voluntary. (Tr. 30). Moreover, the record reveals that the defendant had prior involvement in the criminal justice system and filed several pro se motions. We therefore find that the totality of the circumstances demonstrates that the nature of the charges was explained to defendant and that he understood them.
 {¶ 25} The assignment of error is without merit.
Affirmed.
KENNETH A. ROCCO, A.J., AND SEAN C. GALLAGHER, J., CONCUR.