OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Joshua Baird, appeals the decision of the Mahoning County Court of Common Pleas finding him guilty of one count of Rape in violation of R.C. 2907.02(A)(2)(B), a felony of the first degree, and sentencing him to a prison term of ten years. With this appeal, Baird challenges the validity of his jointly agreed sentence and the effectiveness of his counsel's assistance. Because these arguments are both meritless, we affirm the decision of the trial court.
 {¶ 2} Baird was indicted for one count of rape, a felony of the first degree, with a life sentence specification pursuant to R.C.2907.02(A)(1)(6)(B) and a sexual predator specification pursuant to R.C.2941.148. The charge alleged that Baird engaged in sexual conduct with a two year old. Baird pled guilty to rape and the State dropped the life sentence specification. In addition, the parties jointly recommended that the trial court sentence Baird to the maximum ten-year sentence for the rape count, to be served concurrent to a sentence that had already been imposed against Baird in Columbiana County. The trial court accepted the plea and sentenced Baird in accordance with the recommendation.
 {¶ 3} As his first assignment of error, Baird claims:
 {¶ 4} "The trial court erred in relying on the unconstitutional factors contained in O.R.C. 2929.14, 2929.19 and 2929.41 to sentence Appellant to 10 years in prison."
 {¶ 5} With this assignment, Baird challenges his sentence based upon the holdings in Blakely v. Washington (2004) 542 U.S. 296 and State v.Foster (2006) 109 Ohio St. 3d 1, arguing his sentence was improperly based upon unconstitutional provisions of the Revised Code.
 {¶ 6} Pursuant to R.C. 2953.08(D), a defendant cannot appeal a sentence which "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is authorized by law if it is within the statutory range of available sentences. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 7} The Ohio Supreme Court's recent decision in Foster does not change this *Page 2 
rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law.
 {¶ 8} In this case, the sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since Baird's sentence was jointly recommended, authorized by law, and imposed by the trial court, he cannot appeal that sentence. State v. Caporini (June 14, 2006), 7th Dist. No. 05 JE 32. Accordingly, this assignment of error is meritless.
 {¶ 9} As his second assignment of error, Baird claims:
 {¶ 10} "The Appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution by Appellant's trial counsel making inappropriate statements at sentencing, and failing to investigate all discovery issues."
 {¶ 11} It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense.State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148. To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 12} In order to show that an attorney's conduct was deficient or unreasonable, the appellant must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267. Tactical or strategic trial decisions, *Page 3 
even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965. Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. State v.Bradley (1989), 42 Ohio St.3d 136, 141, 538 N.E.2d 373, quotingState v. Lytle (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623.
 {¶ 13} Here, Baird argues that counsel was ineffective on three grounds. First, Baird claims that he was denied effective assistance when his trial counsel made "very negative and personal comments regarding Appellant at sentencing." Counsel's comments, in context, are as follows:
 {¶ 14} "Judge, every Wednesday morning you have people here in this court who I think we tend to feel sorry for a lot of times because they're addicted to some sort of a substance because of our weakness as human beings, and we, as a society, try and rehabilitate and we try and correct their behavior and we try to make allowances for their inherent human weaknesses. And I think we say, `There, but for the grace of God.'
 {¶ 15} "And now you have a man before you who's 29 years old, who derives some sexual gratification from having sex with a child which repulses us, but I feel he's not dissimilar to the folks that come before us on Wednesday mornings. He's got some human weakness that maybe we can't understand, and how do we treat him and how do we behave around him? I don't know. I truly don't know what gratification an adult man could get by having sexual contact with babies, and I feel sorry for Josh and I feel therefore, but by the grace of God, there I go again.
 {¶ 16} "No one is less prudish than I am, but no one is more repulsed than I am of this idea, the concept, and maybe that's the wrong thing to feel in this situation, because Josh needs help just like the Wednesday morning drug people do, and I think if we insulate him from our society, I don't know that we can rehabilitate, I don't know that we can deter, I don't know that this is something that our justice system is capable of, but ten years is a long time for a 29 year old man. That's a heck of a long time to sit in jail, and whether he can curb this or not, I frankly don't know, but I think in this case the punishment more than fits the crime. *Page 4 
 {¶ 17} "That's — that's all I know about. That's all I know about what would possess him to do what he did, because I just frankly don't understand it."
 {¶ 18} It would appear that counsel made those particular statements in open court in order to draw an analogy between Baird's behavior and that of a drug addict brought into drug court. Because drug court is intended to rehabilitate rather than punish, it would be strategic for counsel to have attempted to place his client in the same light. In order to do so, however, he had to admit that his client's behavior was wrong, but impulsive. Accordingly, we cannot say that counsel's decision to make the statements fell outside the wide range of reasonable professional assistance.
 {¶ 19} Furthermore, Baird was not prejudiced in any way as he had already agreed to the ten year sentence and because the trial court had the option of running the sentence either concurrently or consecutively to the sentence already imposed upon Baird. Because the trial court chose to run the sentence concurrently, it does not appear that he was prejudiced by counsel's statements.
 {¶ 20} Second, Baird claims trial counsel harbored feelings of contempt against him and that because of his disdain for Baird's actions, counsel did not zealously represent him. Baird cites as an example counsel's failure to pursue critical discovery issues. More specifically, Baird refers to an entry filed by Appellee on February 6, 2003 stating that medical records regarding the victim were ordered and would be provided upon receipt. Baird claims that no medical records were provided by the State and trial counsel never made a request to compel discovery.
 {¶ 21} However, this court cannot address this claim. In addition to waiving the right to appeal a motion to suppress, a defendant who pleads guilty also waives the right to claim ineffective assistance of counsel, except to the extent that counsel's deficient performance caused the plea to be less than knowing and voluntary. State v. Spates,64 Ohio St.3d 269, 272-73, 1992-Ohio-130, 595 N.E.2d 351; State v. Kelley
(1991), 57 Ohio St.3d 127, 129, 566 N.E.2d 658. Because this claim has nothing to do with whether Baird knowingly and voluntarily entered his plea of guilty, it has been waived on appeal. Even if this claim was not waived, Baird would be unable to prove prejudice as there would be no *Page 5 
way of knowing how the medical reports would have changed the outcome of this case.
 {¶ 22} Finally, Baird argues that counsel provided ineffective assistance of counsel by advising him to agree to a sentence that was contrary to law. Baird supports this argument by citing to the United States Supreme Court holding in Blakely v. Washington (2004),542 U.S. 296. However, at the time Baird was sentenced, the Ohio Supreme Court had yet to decide State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 and this court refused to apply Blakely to Ohio's sentencing scheme. Thus, counsel's failure to advise his client not to accept a plea agreement based on the holding of Blakely would not constitute ineffective assistance of counsel. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio4165, ¶ 9 (counsel cannot be faulted for failing to predict the law would change). See also State v. Mills (Dec. 21, 2006), 7th Dist No. 06 BE 14. This assignment of error is also meritless.
 {¶ 23} Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1