[Cite as *State v. Frias-Carvajal*, 2011-Ohio-1197.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Julie A. Edwards, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-33 |
| OMAR RAPH FRIAS-CARVAJAL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delware County Court of
                            Common Pleas Case No. 09-CR-I-12-0557

JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:     March 8, 2011

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

DAVID YOST 0056290                         JOHN CORNELY 0072393
Delaware County Prosecutor                 21 Middles St.
140 N. Sandusky St., 3rd Fl.               P.O.Box 248
Delaware, Ohio 43015                       Galena, Ohio 43021

DOUGLAS DUMOLT 0080866
(Counsel of Record)
Assistant Prosecuting Attorney

*Delaney, J.*

{¶1} Defendant-Appellant, Omar Raph Frias-Carvajal, appeals from a judgment entered by the Delaware County Court of Common Pleas, convicting him of one count of trafficking in heroin in violation of R.C. 2925.03(A)(2).

{¶2} On November 17, 2009, Detective James Owens of the Columbus Police Department Strategic Response Bureau ("SRB"), received information from his sergeant that the Hardin County, Ohio Sheriff's Department had information regarding a possible drug transaction that would be taking place at the Lake Club Apartments on Powell Road in Delaware County, Ohio. Detective Owens stated that SRB has received reliable information from the Hardin County Sherriff's office at least three to five times prior to this incident. The officers did not know from whom the Hardin County authorities received the information.

{¶3} Based upon the information regarding the possible drug transaction, Detective Owens, along with other members of SRB, set up surveillance of the Lake Club Apartments. According to the Hardin County Sheriff's office, the car that was coming down from Hardin County was a green Grand Prix, with a license plate of CUH-3508.

{¶4} The officers waited approximately a half hour to forty-five minutes before they saw a green Grand Prix with the license plate number CUH-3508 pull into the parking lot and drive to the back of the lot before backing into a parking spot. The occupants of the vehicle stayed in the vehicle as though they were waiting for someone.

{¶5} Several minutes later, a van pulled into the parking lot and drove around as if the occupants of the van were looking for someone. The driver of the Grand Prix

flashed his headlights and the van immediately drove up to the Grand Prix and the driver of the van parked nose to nose with the Grand Prix. A male got out of the Grand Prix and got into the van.

{¶6} At that time, officers were given the green light to approach the vehicles and to investigate the matter. Detective Russ Sorrell, who was driving an unmarked car, pulled behind the van, blocking it in. Detective Sorrell and Detective Ernest Rice quickly approached the vehicles with guns drawn and identified themselves as police. As Detective Sorrell approached the driver's side of the van, he came upon Appellant, who was sitting in the driver's seat with 350 balloons of what appeared to be heroin in his lap, along with $1,835.00. The man who exited the Grand Prix was sitting in the back of the van. Both men were arrested.

{¶7} On November 17, 2009, Appellant was charged in Delaware County Municipal Court with one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the second degree. On November 18, 2009, Appellant appeared for arraignment. Appellant was not represented by counsel. The trial court was informed by the deputy that a translator was needed as Appellant did not speak English. The trial court confirmed Appellant did not speak English and attempted to communicate with Appellant in Spanish with only limited success. The trial court then proceeded to conduct the arraignment in English. Appellant was advised of the charges against him and the court set bail at $50,000.00. The trial court stated it was appointing counsel and would note a translator was needed at the time of the preliminary hearing.

{¶8} On November 24, 2009, the Delaware Municipal Court held a preliminary hearing where Appellant was not represented by counsel. An interpreter was present

for the hearing and translated what was being said by the court to Appellant as well as what was being said by Appellant to the court. After the hearing, the trial court found probable cause that Appellant committed a crime under R.C. 2925.11 and bound the case over to the Delaware County Common Pleas Court.

{¶9} On December 4, 2009, the Delaware County Grand Jury indicted Appellant on one count of Trafficking in Heroin, in violation of R.C. 2925.03(A)(2), a felony of the second degree, and one count of Possession of Heroin, in violation of R.C. 2925.11(A), also a felony of the second degree. Both counts contained forfeiture specifications relating to the cash discovered during the arrest.

{¶10} On December 14, 2009, Appellant was arraigned and he entered not guilty pleas to both counts of the indictment. The trial court increased Appellant's bail to $150,000.00.

{¶11} On December 22, 2009, Appellant's attorney filed a Motion to Suppress evidence obtained as a result of the arrest. Appellant argued, inter alia, that the police officers lacked reasonable suspicion to stop the van and subsequently seize Appellant. The State of Ohio filed its response on January 5, 2010. The trial court held a hearing on January 22, 2010, and denied Appellant's motion on February 1, 2010. Subsequently, Appellant filed a Motion to Dismiss for violating his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution by conducting a preliminary hearing without appointing counsel to Appellant. The State of Ohio responded and the trial court denied Appellant's motion on April 9, 2010.[1]

---

[1] A video recording of the initial arraignment and the preliminary hearing is included in Joint Exhibit 1, which is part of the appellate record for review. However, a transcript of the proceedings was not provided to this Court in compliance with App.R. 9(B).

{¶12} Subsequently, Appellant entered a no contest plea to Trafficking in Heroin, a violation of R.C. 2925.03(A)(2), a felony of the second degree and the attached forfeiture specification. The Possession of Heroin charge was dismissed. Appellant was then sentenced to three years in prison.

{¶13} It is from this entry that Appellant appeals, raising two Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THE OFFICERS LACKED PROBABLE CAUSE TO ARREST HIM AND SEARCH HIS VEHICLE INCIDENT TO ARREST.

{¶15} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO COUNSEL AT THE PRELIMINARY HEARING."

I.

{¶16} In his first assignment of error, Appellant argues that the trial court erred in denying Appellant's Motion to Suppress because the officers lacked probable cause to arrest him and search his vehicle incident to arrest. We disagree.

{¶17} Appellate review of a trial court's decision to grant or deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, (1996), 75 Ohio St.3d 148, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d

142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

{¶18} The Fourth Amendment of the Constitution of the United States guarantees each citizen a right to be free from unreasonable governmental searches and seizures. Specifically, it states:

{¶19} "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

{¶20} Even so, not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred within the meaning of the Fourth Amendment. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, at fn. 16.

{¶21} Under *Terry*, however, a police officer may constitutionally stop or detain an individual without probable cause when the officer has reasonable suspicion, based on specific, articulable facts, that criminal activity is afoot. Reasonable suspicion entails some minimal level of objective justification, that is, something more than an inchoate and unparticularized suspicion or 'hunch', but less than the level of suspicion required for probable cause. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 35.

{¶22} Blocking a person's path or otherwise restraining movement is one indication that an investigatory stop has occurred. *State v. Lewis*, 179 Ohio App.3d 159, 2008-Ohio-5805 (citations omitted).

{¶23} An anonymous informant's tip can give rise to a reasonable suspicion of criminal activity. *Alabama v. White* (1990), 469 U.S. 325, 110 L.Ed.2d 301. Courts have generally identified three classes of informants: the anonymous informant, the known informant from the criminal world who has provided previous reliable tips, and the identified citizen informant. *City of Maumee v. Weisner*, 87 Ohio St.3d 295, 299-300, 1990-Ohio-68, 720 N.E.2d 507. Anonymous tips normally require suitable corroboration demonstrating "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *Florida v. J.L.* (2000)*, 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254.

{¶24} It is also well settled that "the propriety of an investigative stop by a police officer must be viewed in light of the totality of circumstances." *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, at paragraph one of the syllabus.

{¶25} In the case below, the trial court determined that the initial interaction between the SRB detectives and Appellant was an investigatory detention, not an arrest. The trial court determined that no arrest occurred until after Detective Sorrell observed the suspected heroin and cash in plain view on the Appellant's lap and in the van.

{¶26} The period of time from which SRB was notified of the possible drug transaction to the time that the actual transaction occurred was short. When the sergeant at SRB received the tip, he conveyed to the detectives that the Hardin County

Sheriff's office informed him that the two individuals in the green Grand Prix were en route to the Polaris area of Delaware County to buy heroin. Detectives testified that they had previously relied on tips from Hardin County multiple times and that those tips had always been reliable.

{¶27} As Detective Sorrell approached the van and the green Grand Prix in the parking lot of the apartment complex, he had his firearm drawn and had identified himself as a police officer. Immediately upon approaching the window on the driver's side of the van, Detective Sorrell observed a bag containing numerous balloons consistent with how heroin is packaged on Appellant's lap. At that time, Detective Sorrell ordered Appellant out of the vehicle and detained him.

{¶28} We agree that an investigatory detention occurred and that the circumstances described at the suppression hearing, taken as a whole, created a reasonable suspicion that Appellant was engaged in illegal activity, and, therefore, the officers' investigatory stop did not violate the Fourth Amendment.

{¶29} Based upon the information conveyed to them by the Hardin County Sheriff's office, as well as based on their independent observations of the green Grand Prix with license plate number CUH-3508 pulling into the parking lot, backing into a spot and waiting in the car until a van appeared, and then flashing their lights at the van so that the van would pull up to them, we find that reasonable suspicion existed to support the investigatory stop and detention of Appellant. At the time the officers observed the suspected heroin in the Appellant's lap, they had probable cause to arrest Appellant for possession of drugs.

{¶30} The officers' initial intent was not to arrest the suspects; rather it was to approach the vehicles in order to investigate whether a drug transaction was occurring or had occurred. *State v. Ulmer*, 4th Dist. No. 09CA3283, 2010-Ohio-695, ¶20; see also *State v. Payne* (May 4, 1994), 2nd Dist. No. 13898, citing U*.S. v. Hastomorir* (1989), 881 F.2d 1551, 1556-7; *United States v. Glenna* (1989), 878 F.2d 967, 971-973; *United States v. Crittendon* (1989), 883 F.2d 326, 329; *United States v. Laing* (1989), 889 F.2d 281, 285; *United States v. Miller* (1992), 974 F.2d 953, 956-957.

{¶31} We find the trial court appropriately denied the Motion to Suppress.

{¶32} Appellant's first assignment of error is overruled.

II.

{¶33} In the second assignment of error, Appellant argues that the trial court erred in failing to grant his motion to dismiss because he was denied his right to counsel at the preliminary hearing.

{¶34} A defendant has the right to be represented by counsel at every critical stage of the criminal process. *Coleman v. Alabama* (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387; *State v. Parrot* (1971), 27 Ohio St.2d 205, 208, 272 N.E.2d 112. The goal in so doing is to ensure that defendants proceed in the criminal process with "eyes open" so that they can be informed as how to best defend themselves from prosecution. *Faretta v. California* (1975), 422 U.S. 806, 835.

{¶35} A preliminary hearing is a critical stage of the criminal process. Id. If a defendant is not represented by counsel at a critical stage of the proceedings, he must waive those rights under the Sixth and Fourteenth Amendments to the United States constitution in a knowing, intelligent, and voluntary manner. *Iowa v. Tovar* (2004), 541

U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209.  In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.  *State v. Gibson* (1976), 45 Ohio St.2d 366, ¶2 of the syllabus.

{¶36} In the case at bar, we are not convinced that Appellant knowingly, voluntarily, and intelligently waived his right to counsel at his preliminary hearing.

{¶37} Appellant was arraigned on November 18, 2009, without an interpreter and without an attorney present.  At the arraignment, Appellant stated that he did not speak English.  He stated that he spoke Spanish, however the court proceeded to conduct the arraignment in English without an interpreter present.[2]

{¶38}  Then, on November 24, 2009, a Preliminary Hearing was held in Delaware County Municipal Court wherein Appellant was not represented by counsel; however, an interpreter was present.  It was clear from the exchanges between Appellant and the trial court that Appellant was confused as to the nature of the proceedings and as to why he did not have an attorney present.[3]

{¶39}  During the preliminary hearing, Appellant asked the trial court if he was being sentenced that day.  He also asked if he did not go forward that day if more charges would be filed against him.  He asked why he did not have an attorney and indicated through his interpreter that he thought that one was appointed to him at the arraignment.

{¶40}  The trial court did not fully and clearly explain the right to counsel, and the Appellant never affirmatively waived the right on the record.  There was no written

---

[2] Recording of Arraignment, Joint Exhibit 1.
[3] Recording of Preliminary Hearing, Joint Exhibit 1.

waiver of counsel. Through a convoluted conversation wherein it never appeared that Appellant and the trial court were on the same page, Appellant eventually conceded to go forward with the preliminary hearing without counsel. Specifically, the trial court asked Appellant if he would "like to give it a shot today", to which Appellant replied in the affirmative.

{¶41} Witnesses testified on behalf of the State of Ohio and the trial court bound Appellant's case over to the Delaware County Common Pleas Court for presentation to the Grand Jury for indictment.

{¶42} As we previously stated, a preliminary hearing is a critical stage of the proceedings. *State v. Parrott* (1971), 27 Ohio St.2d 205, 208, 272 N.E.2d 112. As a critical stage of the proceeding, a defendant has a right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution. Id. Denial of right to counsel at a critical stage of the proceeding invalidates a subsequent conviction unless it can be proven that the denial of the right to counsel was harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

{¶43} When a defendant is charged with a serious offense and is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel. Crim. R. 5(A); see also Crim. R. 44.

{¶44} At the preliminary hearing, the trial court did ask Appellant if he wanted counsel, and Appellant stated that he did want counsel. After an extended conversation about what would happen at the preliminary hearing, wherein the trial court repeated that the hearing would consist of the court determining whether Appellant would stay in jail pending the Grand Jury hearing his case for possible indictment, Appellant still appeared confused but agreed to proceed with the hearing.

{¶45} Certainly, no strict compliance with Crim. R. 44 was made, as there was no written waiver of the right to counsel at the preliminary hearing. Moreover, we do not find that there was substantial compliance with Crim. R. 44(A), as such an oral waiver made with "an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *State v. Martin* (2004), 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227.

{¶46} However, a conviction that was not secured with a knowing, intelligent and voluntary waiver of counsel may still stand if the denial of the right to counsel can be proven to be harmless beyond a reasonable doubt. *Coleman v. Alabama* (1970), 399 U.S. 1, 90 SCt. 1999, citing *Chapman v. California*, supra. Such error can be proven to be harmless unless it has a "substantial and injurious effect or influence in determining * * * the verdict." *State v. Naugle*, 182 Ohio App.3d 593, 599, 2009-Ohio-3268, 913 N.E.2d 1052.

{¶47} Having reviewed the record and the recording of the preliminary hearing, we do not find any substantial or injurious effect resulting from the lack of counsel at

preliminary hearing. At the hearing, Appellant declined to testify, and therefore no incriminating statements were made. Moreover, the testimony presented at the preliminary hearing was substantially the same as the testimony presented at the suppression hearing.

{¶48} Appellant argues that he was denied five potential benefits from having counsel represent him at his preliminary hearing: (1) exposure of weaknesses in the prosecution's case; (2) impeachment tools for trial; (3) discovery of the prosecution's case; (4) psychiatric examination of Appellant; and (5) information for a decision on the amount of bail. We find Appellant's arguments to be unpersuasive.

{¶49} Appellant was appointed counsel on December 4, 2009. At no time between December 4, 2009, and his sentencing was Appellant's case impacted by any of these potential factors. Defense counsel filed a Motion to Suppress and a hearing was held on that motion, thereby allowing defense counsel to expose any potential weakness in the prosecution's case as well as obtain impeachment information for trial. Moreover, Appellant received discovery and also had the benefit of discovery information revealed at the suppression hearing, which was filed prior to the Motion to Dismiss for lack of counsel at the preliminary hearing. Finally, at no point during any stage of the proceedings did defense counsel request a psychiatric evaluation of Appellant.

{¶50} Appellant's argument that bail may have been set differently had counsel been present at the preliminary hearing also does not sway us. Appellant's bail of $50,000.00 that was set at preliminary hearing was actually increased when he had counsel present at his felony arraignment.

{¶51} Accordingly, we find no prejudice in Appellant's lack of counsel at his preliminary hearing and find any error to be harmless beyond a reasonable doubt.

{¶52} Appellant's second assignment of error is overruled.

{¶53} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.

Edwards, P.J. and

Gwin, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. W. SCOTT GWIN

[Cite as *State v. Frias-Carvajal*, 2011-Ohio-1197.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OMAR RAPH FRIAS-CARVAJAL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-33 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

_____
HON. W. SCOTT GWIN