The STATE of Ohio, Appellee,

v.

LEWIS, Appellant.

[Cite as *State v. Lewis*, 179 Ohio App.3d 159, 2008-Ohio-5805.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–08–009.

Decided Nov. 7, 2008.

Rhonda L. Fisher, City of Bryan Prosecuting Attorney, for appellee.

Paul H. Duggan, for appellant.

SINGER, Judge.

{¶ 1} Appellant appeals his conviction for operating a motor vehicle with a prohibited alcohol content, following denial of his motion to suppress in the Bryan Municipal Court. For the reasons that follow, we reverse.

{¶ 2} On May 1, 2007, a Bryan police officer radioed for a license-plate check on a vehicle she was following. A short time later, the officer was advised that the plate was valid and the vehicle was registered to a Mr. Green. The officer took no further action and discontinued contact with the vehicle.

{¶ 3} A short time later, the officer received a radio transmission from a Williams County deputy sheriff who had overheard the officer's plate check. The deputy advised the officer that he had "paperwork" for Mr. Green and requested that the officer initiate a stop. The officer told the deputy that she had broken off contact with the vehicle but volunteered to try to locate it.

{¶ 4} According to the officer's suppression hearing testimony, after about ten minutes, she observed the car in a residential driveway, "getting ready to back out." According to the officer, she "pulled in behind a vehicle * * * to prevent them from leaving and then [she] got out of the car."

{¶ 5} Upon approaching the vehicle, the officer discovered that the driver was not Mr. Green, but appellant, Matthew Lewis. The officer testified that while she was getting information about Mr. Green, she observed an open container of an alcoholic beverage on the center console of appellant's car. The officer then requested that appellant perform several field-sobriety tests, which he performed poorly. Appellant eventually submitted to a breath test upon which he scored .083 percent blood-alcohol equivalency.

{¶ 6} Appellant was charged with operating a vehicle with a prohibited alcohol content, in violation of a Bryan ordinance. He pleaded not guilty and moved to suppress the test as being the fruit of an unlawful seizure. Following a hearing, the trial court denied appellant's motion to suppress. Appellant then amended his plea to no contest, was found guilty, and was sentenced. This appeal followed. Appellant sets forth the following single assignment of error:

{¶ 7} "The trial court erred to the prejudice of the defendant appellant in denying his motion to suppress because the law enforcement officer detained defendant/appellant without reasonable suspicion of a traffic violation or criminal activity."

{¶ 8} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution prohibit unreasonable searches and seizures. Warrantless searches or seizures are unreasonable per se. *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 373 N.E.2d 1252. To this basic rule, there are but a few specifically established exceptions. The state bears the burden of proving that one of these exceptions applies in order for evidence seized as a result of a warrantless seizure of the person to survive a motion to suppress. Id.

{¶ 9} There are gradients of the applicability of the Fourth Amendment to police-citizen encounters. *State v. Wolske* (May 29, 1998), 6th Dist. No. WD–97–061, 1998 WL 336623. Most intrusive and the one unquestionably involving a seizure of a person is an arrest. An arrest is proper if there is probable cause to believe that an offense has been committed and that the suspect is responsible. Probable cause exists when there are facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.

{¶ 10} Less intrusive, but nonetheless a temporary seizure of the person, is an investigatory stop. Investigatory stops involve the brief detention of an individual when suspicious circumstances suggest criminal activity. An investigatory stop is permissible if a law-enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. *Terry v. Ohio* (1968), 392 U.S. 1, 21–22, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660.

{¶ 11} The Fourth Amendment is not implicated when police-citizen contact is a consensual encounter. *United States v. Mendenhall* (1980), 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.Ed.2d 497. Consensual encounters include "approaching a person in a public place, engaging the person in conversation, requesting information from the person, examining the person's identification, and asking for the person's permission to search his or her belongings." *Wolske*, 6th Dist. No. WD–97–061, 1998 WL 336623, citing *Florida v. Rodriguez* (1984), 469 U.S. 1, 105 S.Ct. 308, 83 L.Ed.2d 165. The encounter is consensual if the person so engaged would feel free to walk away. Any restraint of the person's liberty by physical force or display of authority by police negates the consensual nature of the contact. *Mendenhall* at 554, 100 S.Ct. 1870, 64 L.Ed.2d 497.

{¶ 12} "[A]n encounter becomes a seizure if the officer engages in conduct which a reasonable man would view as threatening or offensive even if performed by another private citizen. This would include such tactics as pursuing a person who has attempted to terminate the contact by departing, continuing to interrogate a person who has clearly expressed a desire not to cooperate, renewing an encounter with a person who earlier responded fully to police inquiries, calling to such a person to halt, holding a person's identification papers or other property, blocking the path of the suspect, physically grabbing and moving the suspect, drawing a weapon, and encircling the suspect by many officers * * *." (Footnotes omitted.) *State v. Bennett* (Jun. 21, 2000), 4th Dist. No. 99 CA 2509, 2000 WL 821616, quoting 4 LaFave, Search and Seizure (3d Ed.1996) 102–04, Section 9.3(a).

{¶ 13} "Blocking a person's path or otherwise restraining movement is one indication that [an investigatory] stop has occurred. *See, e.g., Alvarez v. State*, 515 So.2d 286, 290 (Fla. 4th DCA 1987) (partially blocking suspect's sole exit from train compartment was one factor indicating that a detention had occurred); *United States v. Bowles*, 625 F.2d 526, 532 (5th Cir.1980) (Fourth Amendment seizure occurred when officer ran past suspect, held out credentials, and turned to face him, thus blocking his path); *cf. State v. Livingston*, 681 So.2d 762, 763–64 (Fla. 2d DCA 1996) (that officers did not block suspect's path

was one factor in court's conclusion that the contact was a consensual encounter); *State v. Mitchell*, 638 So.2d 1015, 1016 (Fla. 2d DCA 1994) ('An officer may address questions to anyone on the street, and unless the officer attempts to prevent the citizen from exercising his right to walk away, such questioning will usually constitute a consensual encounter rather than a stop')." *Rios v. State* (Fla.App., 2007), 975 So.2d 488, 490–491.

{¶ 14} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. The trial court assumes the role of the trier of fact and is consequently in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Therefore, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. The appellate court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, evidence should be suppressed. *State v. Russell* (1998), 127 Ohio App.3d 414, 416, 713 N.E.2d 56.

{¶ 15} There is no dispute of fact in this matter. The police officer readily admits that she had no suspicion of any criminal activity when she encountered appellant. Indeed, she thought she was going to be talking to Mr. Green. She also concedes that when she saw appellant's vehicle backing out, she pulled her police cruiser into the driveway to prevent the vehicle and its occupants from leaving.

{¶ 16} We see no difference in an officer blocking the path to prevent a person from walking away on the street from blocking the path of a vehicle to prevent the vehicle and its occupants from leaving a private drive. Thus, what occurred in this matter was an investigatory stop, which should have been supported with a reasonable, articulable suspicion of criminal activity. Since it was not, the fruit of the stop should have been suppressed. *Mapp v. Ohio* (1961), 367 U.S. 643, 649, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

{¶ 17} Accordingly, appellant's sole assignment of error is well taken.

{¶ 18} On consideration whereof, the judgment of the Bryan Municipal Court is reversed. This matter is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.

Judgment reversed.

PIETRYKOWSKI, P.J., and SKOW, J., concur.