[Cite as *State v. Ruiz-Arias*, 2011-Ohio-1198.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Julie A. Edwards, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-38 |
| JUAN MANUEL RUIZ-ARIAS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                             Common Pleas Case No.  09 CI 120058

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      March 10, 2011

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

DAVID YOST 0056290                      SUSAN E. MALLOY 0068121
Delaware County Prosecutor              1799 West Fifth Avenue, Ste. 202
140 N. Sandusky St., 3rd Fl.            Columbus, Ohio 43212
Delaware, Ohio 43015

DOUGLAS DUMOLT 0080866
Assistant Prosecuting Attorney
(Counsel of Record)

*Delaney, J.*

{¶1} Defendant-Appellant, Juan Manuel Ruiz-Arias, appeals from a judgment entered by the Delaware County Court of Common Pleas, convicting him of one count of trafficking in heroin in violation of R.C. 2925.03(A)(2).

{¶2} On November 17, 2009, Detective James Owens of the Columbus Police Department Strategic Response Bureau ("SRB"), received information from his sergeant that the Hardin County, Ohio Sheriff's Department had information regarding a possible drug transaction that would be taking place at the Lake Club Apartments on Powell Road in Delaware County, Ohio. Detective Owens stated that SRB has received reliable information from the Hardin County Sherriff's office at least three to five times prior to this incident. The officers did not know from whom the Hardin County authorities received the information.

{¶3} Based upon the information regarding the possible drug transaction, Detective Owens, along with other members of SRB, set up surveillance of the Lake Club Apartments. According to the Hardin County Sheriff's office, the car that was coming down from Hardin County was a green Grand Prix, with a license plate of CUH-3508.

{¶4} The officers waited approximately a half hour to forty-five minutes before they saw a green Grand Prix with the license plate number CUH-3508 pull into the parking lot and drive to the back of the lot before backing into a parking spot. The occupants of the vehicle stayed in the vehicle as though they were waiting for someone.

{¶5} Several minutes later, a van pulled into the parking lot and drove around as if the occupants of the van were looking for someone. The driver of the Grand Prix

flashed his headlights and the van immediately drove up to the Grand Prix and the driver of the van parked nose to nose with the Grand Prix. A male, later determined to be Appellant, got out of the Grand Prix and got into the van.

{¶6} At that time, officers were given the green light to approach the vehicles and to investigate the matter. Detective Russ Sorrell, who was driving an unmarked car, pulled behind the van, blocking it in. Detective Sorrell and Detective Ernest Rice quickly approached the vehicles with guns drawn and identified themselves as police. As Detective Sorrell approached the driver's side of the van, he came upon Appellant's co-defendant, Omar Raph Frias Carvajal, who was sitting in the driver's seat with 350 balloons of what appeared to be heroin in his lap, along with $1,835.00. The man who exited the Grand Prix, was Appellant, and he was sitting in the back of the van. Both men were arrested.

{¶7} On November 17, 2009, Appellant and his co-defendant were charged in Delaware County Municipal Court with one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the second degree. On November 18, 2009, Appellant appeared for arraignment. Appellant was not represented by counsel. The trial court was informed by the deputy that a translator was needed as Appellant did not speak English. The trial court confirmed Appellant did not speak English and attempted to communicate with Appellant in Spanish with only limited success. The trial court then proceeded to conduct the arraignment in English. Appellant was advised of the charges against him and the court set bail at $50,000.00. The trial court stated it was appointing counsel and would note a translator was needed at the time of the preliminary hearing.

{¶8}   On November 24, 2009, the Delaware Municipal Court held a preliminary hearing where Appellant was not represented by counsel.  An interpreter was present for the hearing and translated what was being said by the court to Appellant as well as what was being said by Appellant to the court.  After the hearing, the trial court found probable cause that Appellant committed a crime under R.C. 2925.11 and bound the case over to the Delaware County Common Pleas Court.

{¶9}   On December 4, 2009, the Delaware County Grand Jury indicted Appellant and his co-defendant on one count of Trafficking in Heroin, in violation of R.C. 2925.03(A)(2), a felony of the second degree, and one count of Possession of Heroin, in violation of R.C. 2925.11(A), also a felony of the second degree.  Both counts contained forfeiture specifications relating to the cash discovered during the arrest.

{¶10} On December 14, 2009, Appellant was arraigned and he entered not guilty pleas to both counts of the indictment.

{¶11} On January 25, 2010, Appellant's attorney filed a Motion to Suppress evidence obtained as a result of the arrest. Appellant argued, inter alia, that the police officers lacked reasonable suspicion to stop the van and subsequently seize Appellant. The State of Ohio filed its response on February 9, 2010.  On February 11, 2010, Appellant filed a supplemental motion to suppress statements. On February 23, 2010, Appellant's case was consolidated with his co-defendant's.  The trial court held a suppression hearing on the co-defendant's case on January 22, 2010, and denied his motion on February 1, 2010.  Subsequently, both defendants filed a Motion to Dismiss for violating his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution by conducting a preliminary hearing without appointing

counsel to Appellant. The State of Ohio responded and the trial court denied that motion on April 9, 2010.[1]

{¶12} Subsequently, Appellant entered a no contest plea to Trafficking in Heroin, a violation of R.C. 2925.03(A)(2), a felony of the second degree and the attached forfeiture specification. The Possession of Heroin charge was dismissed. Appellant was then sentenced to three years in prison.

{¶13} It is from this entry that Appellant appeals, raising two Assignments of Error:

{¶14} Appellant raises two Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE RBTAINED [SIC] AS A RESULT OF THE UNCONSTITUTIONAL SEIZURE WHEN THE OFFICERS LACKED PROBABLE CAUSE TO ARREST APPELLANT OR REASONABLE SUSPICION TO ORDER HIM FROM THE VEHICLE.

{¶16} "II. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ARGUE IN THE MOTION TO SUPPRESS EVIDENCE THAT THE OFFICERS LACKED PROBABLE CAUSE TO ARREST APPELLANT."

I.

{¶1} In his first assignment of error, Appellant argues that the trial court erred in denying Appellant's Motion to Suppress because the officers lacked probable cause to arrest him and search the vehicle incident to arrest. We disagree.

---

[1] A video recording of the initial arraignment and the preliminary hearing is included in Joint Exhibit 1, which is part of the appellate record for review. However, a transcript of the proceedings was not provided to this Court in compliance with App.R. 9(B).

{¶2} Appellate review of a trial court's decision to grant or deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, (1996), 75 Ohio St.3d 148, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

{¶3} The Fourth Amendment of the Constitution of the United States guarantees each citizen a right to be free from unreasonable governmental searches and seizures. Specifically, it states:

{¶4} "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

{¶5} Even so, not all personal exchanges between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude

that a "seizure" has occurred within the meaning of the Fourth Amendment. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, at fn. 16.

{¶6}   Under *Terry*, however, a police officer may constitutionally stop or detain an individual without probable cause when the officer has reasonable suspicion, based on specific, articulable facts, that criminal activity is afoot.  Reasonable suspicion entails some minimal level of objective justification, that is, something more than an inchoate and unparticularized suspicion or 'hunch', but less than the level of suspicion required for probable cause. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 35.

{¶7}   Blocking a person's path or otherwise restraining movement is one indication that an investigatory stop has occurred. *State v. Lewis*, 179 Ohio App.3d 159, 2008-Ohio-5805 (citations omitted).

{¶8}   An anonymous informant's tip can give rise to a reasonable suspicion of criminal activity. *Alabama v. White* (1990), 469 U.S. 325, 110 L.Ed.2d 301. Courts have generally identified three classes of informants: the anonymous informant, the known informant from the criminal world who has provided previous reliable tips, and the identified citizen informant.  *City of Maumee v. Weisner*, 87 Ohio St.3d 295, 299-300, 1990-Ohio-68, 720 N.E.2d 507.  Anonymous tips normally require suitable corroboration demonstrating "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *Florida v. J.L.* (2000)*,* 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254.

{¶9}   It is also well settled that "the propriety of an investigative stop by a police officer must be viewed in light of the totality of circumstances." *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, at paragraph one of the syllabus.

{¶10} In the case below, the trial court determined that the initial interaction between the SRB detectives and Appellant was an investigatory detention, not an arrest. The trial court determined that no arrest occurred until after Detective Sorrell observed the suspected heroin and cash in plain view on Carvajal's lap and in the van.

{¶11} The period of time from which SRB was notified of the possible drug transaction to the time that the actual transaction occurred was short. When the sergeant at SRB received the tip, he conveyed to the detectives that the Hardin County Sheriff's office informed him that the two individuals in the green Grand Prix were en route to the Polaris area of Delaware County to buy heroin. Detectives testified that they had previously relied on tips from Hardin County multiple times and that those tips had always been reliable.

{¶12} As Detective Sorrell approached the van and the green Grand Prix in the parking lot of the apartment complex, he had his firearm drawn and had identified himself as a police officer. Immediately upon approaching the window on the driver's side of the van, Detective Sorrell observed a bag containing numerous balloons consistent with how heroin is packaged on Carvajal's lap. At that time, Detective Sorrell ordered Carvajal and Appellant out of the vehicle and detained them.

{¶13} We agree that an investigatory detention occurred and that the circumstances described at the suppression hearing, taken as a whole, created a reasonable suspicion that Appellant was engaged in illegal activity, and, therefore, the officers' investigatory stop did not violate the Fourth Amendment.

{¶14} Based upon the information conveyed to them by the Hardin County Sheriff's office, as well as based on their independent observations of the green Grand

Prix with license plate number CUH-3508 pulling into the parking lot, backing into a spot and waiting in the car until a van appeared, and then flashing their lights at the van so that the van would pull up to them, we find that reasonable suspicion existed to support the investigatory stop and detention of Appellant. At the time the officers observed the suspected heroin in the Carvajal's lap, they had probable cause to arrest Carvajal and Appellant for possession of drugs.

{¶15} The officers' initial intent was not to arrest the suspects; rather it was to approach the vehicles in order to investigate whether a drug transaction was occurring or had occurred. *State v. Ulmer*, 4th Dist. No. 09CA3283, 2010-Ohio-695, ¶20; see also *State v. Payne* (May 4, 1994), 2nd Dist. No. 13898, citing U.*S. v. Hastomorir* (1989), 881 F.2d 1551, 1556-7; *United States v. Glenna* (1989), 878 F.2d 967, 971-973; *United States v. Crittendon* (1989), 883 F.2d 326, 329; *United States v. Laing* (1989), 889 F.2d 281, 285; *United States v. Miller* (1992), 974 F.2d 953, 956-957.

{¶16} We find the trial court appropriately denied the Motion to Suppress.

{¶17} Appellant's first assignment of error is overruled.

## II.

{¶18} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might

be considered sound trial strategy.'" Id. at 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164.

{¶19} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.

{¶20} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶21} When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense "is meritorious," and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. See *Kimmelman v. Morrison* (1986), 477 U.S. 365, 375, 106 S.Ct. 2574, 2583; see, also, *State v. Santana* (2001), 90 Ohio St.3d 513, 739 N.E.2d 798 citing *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293.

{¶22} Based on our disposition of Appellant's first assignment of error, his ineffective assistance argument regarding claim is without merit.

{¶23} Appellant's second assignment of error is overruled.

{¶24} For the foregoing reasons, Appellant's assignments of error are overruled.

The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.

Edwards, P.J. and

Gwin, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. W. SCOTT GWIN

[Cite as *State v. Ruiz-Arias*, 2011-Ohio-1198.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellee       :
                                       :
                                       :
-vs-                                   :         JUDGMENT ENTRY
                                       :
JUAN MANUEL RUIZ-ARIAS                 :
                                       :
              Defendant-Appellant      :         Case No. 10-CA-38
                                       :


     For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS


_____
HON. W. SCOTT GWIN