[Cite as *State v. Morrison*, 2013-Ohio-928.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                              :          APPEAL NO. C-120406
                                                       TRIAL NO. B-1104142
     Plaintiff-Appellee,              :

vs.                                         :
                                                       *O P I N I O N.*
ANTOINNE MORRISON,                          :

     Defendant-Appellant.            :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 15, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kevin T. Bobo*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1} After the trial court denied his motion to suppress the evidence recovered during a warrantless search, Antoinne Morrison entered a plea of no contest to possession of heroin, in violation of R.C. 2925.11(A). The trial court sentenced him to two years' community control.

{¶2} Morrison now appeals. In a single assignment of error, he argues that the trial court erred by denying his motion to suppress. He contends that the police officers who arrested him did not have probable cause to conduct a warrantless search of his person.

{¶3} At the suppression hearing, the state presented evidence that an undercover police officer watched Morrison, the sole occupant of his car, park his car in a restaurant parking lot. A man and a woman drove into the lot, got out of their car, and walked over to Morrison's passenger window. Morrison handed something small out of the window to each of them, and they handed him money.

{¶4} Then Morrison drove out of the parking lot, and a police surveillance team followed him. Officer Howard Fox radioed for an officer in a marked police cruiser to make a traffic stop because Morrison had changed lanes without signaling. In addition, Officer Fox requested a narcotics detection dog.

{¶5} When Morrison was stopped, the police officers asked him to get out of his car. Morrison appeared to be agitated and nervous. He denied having "anything on him" or in his car. Officer Fox patted Morrison down to check for weapons and then placed him in the rear of a police cruiser.

{¶6} Police Specialist Scott McManis arrived within four minutes of the traffic stop. He walked a narcotics detection dog around Morrison's car, and the dog alerted at the driver's-side door handle. Specialist McManis testified that the dog's response indicated the presence of an odor of marijuana, cocaine, methamphetamine, or heroin. Once inside

2

Morrison's car, the dog alerted at two different areas on the dashboard: on the radio faceplate controls and on the interior temperature controls. A search of Morrison's car revealed no narcotics.

{¶7} Specialist McManis testified that, based on his own training and experience, the dog's alerts indicated areas where a person might have placed his hands after having handled narcotics. He relayed his assessment to the other police officers at the scene. Officers asked Morrison to get out of the cruiser. As Officer Fox felt around Morrison's waist, he "felt something." In a little pocket near the waistband of Morrison's underwear, Officer Fox found a small bindle of heroin. Morrison said that the underwear "wasn't his."

{¶8} At the suppression hearing, Morrison specifically waived any argument with respect to the certification and training of the narcotics detection dog. The trial court overruled Morrison's motion to suppress, and found him guilty following his no-contest plea.

{¶9} On appeal, Morrison acknowledges that the drug dog's alert had given the police officers probable cause to search his car. *See, e.g., Florida v. Harris,* ____ U.S. ____, ____ S.Ct. ____, ____ L.Ed.2d____, 2013 U.S. LEXIS 1121 *16 (Feb. 19, 2013), fn.2 ("a well-trained dog's alert establishes a fair probability–all that is required for probable cause—that either drugs or evidence of a drug crime * * * will be found.") But, he argues, the "negative search" of his car did not necessitate the conclusion that drugs must have been on his person.

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* Accepting those facts as true, the appellate court must

then independently determine, without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. *Id.*

{¶11} If a police "officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 245, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), fn. 14. If a police officer has received information from a police radio broadcast that gives him reasonable grounds to believe that a felony has been committed, the officer has probable cause to make an arrest. *See State v. Fultz*, 13 Ohio St.2d 79, 234 N.E.2d 593 (1968), paragraph two of the syllabus.

{¶12} In this case, the undercover officer testified that Morrison's two hand-to-hand transactions through the passenger window of his car, in which he had exchanged small items for money, was behavior that was consistent with drug sales. His radio broadcast describing the activity provided probable cause for the other officers to stop Morrison's car and to arrest him, irrespective of the traffic violation that Officer Fox had witnessed. *State v. Gilmore*, 1st Dist. Nos. C-070521 and C-070522, 2008-Ohio-3475, ¶ 13. Moreover, the alerts by the narcotics detection dog on the driver's-side door handle and on the dashboard controls, as well as Morrison's agitated and nervous behavior, further added to a reasonable belief that a felony had been committed. Consequently, the police had probable cause to arrest Morrison. Once the officers had probable cause to arrest Morrison, they were authorized to conduct a warrantless search of his person incident to his arrest. *See Davis v. United States*, ___ U.S. ___, 131 S.Ct. 2419, 2424, 180 L.Ed.2d 285 (2011), citing *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

### *Conclusion*

{¶13} Therefore, we hold that the trial court did not err in overruling Morrison's motion to suppress the evidence recovered from his underwear during a search incident to his lawful arrest. We overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.