[Cite as *State v. McCurdy*, 2019-Ohio-735.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-18-1032

       Appellee                                   Trial Court No. CR0201702719

v.

Jamereo McCurdy                                **DECISION AND JUDGMENT**

       Appellant                                  Decided:  March 1, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jamereo McCurdy, appeals the judgment of the Lucas County

Court of Common Pleas, convicting him, following a plea of no contest, of one count of

attempted trafficking in heroin, a felony of the fifth degree.  For the reasons that follow,

we affirm.

## I. Facts and Procedural Background

{¶ 2} On October 3, 2017, appellant was indicted on one count of trafficking in heroin in violation of R.C. 2925.03(A)(1) and (C)(6)(b), a felony of the fourth degree.

{¶ 3} On December 27, 2017, appellant filed a motion to suppress, in which he argued that all evidence of the crime must be suppressed because he was subject to an unreasonable seizure. A hearing on appellant's motion was held on January 29, 2018.

{¶ 4} At the hearing, Toledo Police Officer Benjamin Woody testified that on July 17, 2017, he was the passenger in a police van being driven by Officer Lett en route to a call of domestic violence. As they traveled down Arlington Avenue near Detroit Avenue, Woody observed appellant engaging in what Woody believed to be a drug sale. Specifically, Woody testified that appellant was sitting in the driver's seat of his car, which was on the opposite side of the car from Arlington Avenue. Appellant had the driver's door open and his left leg was out of the car. Woody testified that he observed a white male approach the car with his hands out. Appellant then put out his hands, with his left hand through the car window, and his right hand over the car door. Woody then saw a simultaneous exchange where appellant received what looked to be U.S. currency in his left hand, and placed something small and white with his right hand into the white male's left hand. Woody then instructed Lett to turn the vehicle around, and they initiated the seizure of appellant. Upon the officers getting out of their vehicle, appellant raised his hands, while the white male took off running. Woody chased the white male and apprehended him. At the scene of the transaction, a plastic bag containing a small

2.

amount of heroin was discovered where the white male had been standing, and appellant was found to have $22 on his person.

{¶ 5} Following the suppression hearing, the trial court denied appellant's motion. The court explained at the hearing that Woody's observations formed a sufficient basis for the seizure of appellant.

{¶ 6} Thereafter, appellant entered into a plea agreement with the state, and pleaded no contest to the amended count of attempted trafficking in heroin in violation of R.C. 2923.02 and R.C. 2925.03(A)(1) and (C)(6)(b), a felony of the fifth degree. The trial court found appellant guilty, and ordered him to serve two years of community control.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed the trial court's February 8, 2018 judgment of conviction, and now asserts one assignment of error for our review:

1. The trial court erred to the prejudice of Appellant in denying his suppression motion.

## III. Analysis

{¶ 8} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.* "Consequently, an appellate court must accept the trial

3.

court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 9} In his brief, appellant argues that Woody's testimony is not credible because Woody claims to have observed a hand-to-hand transaction, which occurred within one or two seconds, while he was traveling down the road at 30 to 35 m.p.h., with physical obstacles in his line of sight. The trial court, however, found Woody to be credible, and we agree. Lending credibility to Woody's testimony is the level of detail of the facts that he claimed to have observed. In addition, we find that Woody's conduct in having Lett turn the car around while they were in the middle of responding to another call so that they could stop appellant and the white male makes it more likely that Woody actually observed the transaction that he described. Therefore, we hold that the trial court's finding of facts as described by Woody is supported by competent, credible evidence.

{¶ 10} Appellant next argues that even as described, the facts do not give rise to probable cause, but instead only supported a "hunch" that a drug deal may have been occurring. "The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution prohibit unreasonable searches and seizures." *State v. Lewis*, 179 Ohio App.3d 159, 2008-Ohio-5805, 900 N.E.2d 1084, ¶ 8 (6th Dist.). "Warrantless searches or seizures are unreasonable per se," subject only to a few

4.

specifically established and well-delineated exceptions. *Id.*, citing *State v. Kessler*, 53 Ohio St.2d 204, 207, 373 N.E.2d 1252 (1978). One of those exceptions is where the arresting officer has probable cause to believe that a crime has been committed by the defendant, "and the circumstances must be such as to make it impracticable to secure a warrant." *State v. Heston*, 29 Ohio St.2d 152, 155, 280 N.E.2d 376 (1972). Probable cause exists where at the moment of the arrest, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the * * * [defendant] had committed or was committing an offense." *Id.* at 155-156, quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

{¶ 11} Here, we hold that the exchange of currency for a small white object, and the manner in which it was exchanged, i.e. in a gas station parking lot, through a car door, with a simultaneous hand-to-hand transfer, would lead a prudent person to believe that a criminal drug transaction was occurring. *See State v. Morrison*, 1st Dist. Hamilton No. C-120406, 2013-Ohio-928, ¶ 12 (officer's observation of two hand-to-hand transactions of small items for money, made through the passenger window of the defendant's car, was consistent with drug sales, and provided probable cause for defendant's arrest). Therefore, we hold that probable cause existed to support appellant's arrest. As such, the trial court did not err in denying appellant's motion to suppress.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                    JUDGE

Arlene Singer, J.         

                                              _____

Christine E. Mayle, P.J.                                         JUDGE
CONCUR.

                                              _____

                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.