OPINION
{¶ 1} Defendant-appellant Michael McGhee appeals from his conviction entered in the Jefferson County Common Pleas Court after he pled guilty to trafficking in drugs, possession of drugs and driving under suspension. Two issues are presented in this appeal. The first issue is whether the trial court abused its discretion in denying McGhee's motion to withdraw his guilty plea after sentencing. The second issue is whether trial counsel was ineffective. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} On March 12, 2003, McGhee was indicted for trafficking in drugs, a violation of R.C. 2925.03(A)(2) and (C)(4)(e), a second-degree felony; possession of drugs, a violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony; and driving under suspension, a violation of R.C. 4507.02(D)(1), a first-degree misdemeanor. McGhee pled not guilty and Attorney John Shaffer was appointed to represent him at trial.
 {¶ 3} Appellant filed a motion to suppress evidence. A hearing was held on May 8, 2003. On May 13, 2003, the trial court denied the motion to suppress.
 {¶ 4} On June 17, 2003, Attorney Shaffer moved to withdraw as counsel. The trial court granted this request. McGhee then retained Attorney Peter Olivito to represent him.
 {¶ 5} Trial was scheduled for February 10, 2004. On February 9, 2004, McGhee went before the trial court and expressed his desire to fire Attorney Olivito and retain new counsel. After questioning McGhee, the trial court denied the request.
 {¶ 6} On February 10, 2004, McGhee changed his plea from not guilty to guilty. A Crim.R. 11 colloquy occurred between the court and McGhee. After determining that the plea was freely and voluntarily given, the trial court accepted the plea and proceeded to sentencing. The trial court, agreeing with the agreed recommendation of sentence, imposed a five-year sentence.
 {¶ 7} On March 1, 2004, McGhee, through new counsel, filed a motion to withdraw his guilty plea. The basis of his motion was that trial counsel and the court coerced him into accepting the plea. A hearing was held on March 22, 2004. After hearing testimony from McGhee and two other defense witnesses, the trial court denied the motion. McGhee now appeals from that order.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} "The trial court erred in denying appellant's motion to withdraw his guilty plea."
 {¶ 9} "A post-sentence motion to withdraw a guilty plea may only be granted upon a showing of manifest injustice. Crim.R. 32.1. The defendant has the burden to prove such injustice. State v. Smith (1977),49 Ohio St.2d 261, 264. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id. at syllabus. An appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984),17 Ohio App.3d 201, 202. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157." State v. Ginnis, 7th Dist. No. 00CA100, 2001-Ohio-3192.
 {¶ 10} McGhee's argument under this assignment of error is not that the trial court failed to give the appropriate Crim.R. 11(C) colloquy, but rather is that counsel and the trial court coerced him into entering the guilty plea and accepting the plea bargain. Also, he argues that since there was no delay between accepting the plea and sentencing him that he should be allowed to withdraw his guilty plea more freely.
 {¶ 11} First, regarding the alleged coercion by counsel and the trial court, the record does not support the allegations. Before accepting the plea, the trial court asked McGhee whether anyone "threatened or coerced" him into entering the plea. (02/10/04 Tr. 5). McGhee responded no. (02/10/04 Tr. 5). The court also took a moment at this hearing to talk to McGhee about his attorney, Attorney Olivito. (02/10/04 Tr. 13). The following conversation occurred:
 {¶ 12} "The Court: Let's talk about your attorney for a minute. Has your attorney done all of the things that you've asked him to do so far?
 {¶ 13} "The Defendant: Yes.
 {¶ 14} "The Court: Is there anything that you would like for him to do or that you think ought to be done that's not yet done, like talk to some witness, file some motion, anything at all?
 {¶ 15} "The Defendant: No, sir.
 {¶ 16} "The Court: Is there anything he's done that you wish he'd a [sic] done differently?
 {¶ 17} "The Defendant: No sir.
 {¶ 18} "The Court: Is it fair to say that you're satisfied with your representation so far?
 {¶ 19} "The Defendant: Yes, sir." (02/10/04 Tr. 13-14).
 {¶ 20} Furthermore, at the hearing on the motion to withdraw the guilty plea, the state asked McGhee if he remembered the court's question to him as to whether he was coerced or threatened into entering the plea. (03/22/04 Tr. 15). McGhee responded that he did remember the question and that he did remember answering that no one coerced him. (03/22/04 Tr. 15).
 {¶ 21} Thus, the record is replete with evidence that McGhee did not view his attorney's representation as unsatisfactory or coercive. Accordingly, the record does not support the allegation that trial counsel coerced McGhee into accepting the plea bargain and entering a guilty plea.
 {¶ 22} Furthermore, the record does not support the allegation that the trial court coerced him into accepting the plea bargain and entering the guilty plea. The day before the plea was entered,[1] a hearing was held before the trial court on McGhee's motion to remove his attorney and retain new counsel. At the hearing, the trial court explained to McGhee that he would not permit him to fire his attorney the day before trial, especially given the fact that this was his second attorney. (02/09/04 Tr. 4, 9, 14). However, at this hearing, the trial court did state to McGhee that he was in a better position than most defendants because he had a good attorney representing him. (02/09/04 Tr. 10). While the trial court also alluded to the fact that McGhee should take his attorney's advice about the plea bargain, it never stated that McGhee should take the plea bargain. (2/9/04 Tr. 10). Instead, the court made it clear that the choice was McGhee's. Thus, even though the trial court probably should not have implied that McGhee should accept the plea, the record does not support the allegation that the trial court coerced McGhee into entering the plea. This argument fails.
 {¶ 23} McGhee's second argument under this assignment of error is based on the lack of time between the trial court's acceptance of the plea and the issuance of the sentence. McGhee contends that when the acceptance of a guilty plea and sentencing occurs on the same day, the trial court's allowance of a defendant to withdraw a guilty plea should be more freely given then when there is no delay between the acceptance of the plea and sentencing.
 {¶ 24} This argument lacks merit. While Crim.R. 32.1 may contemplate that there could be a delay between the acceptance of the guilty plea and the imposition of the sentence, it is not mandated that there be such a delay. Furthermore, Crim.R. 11(C) specifically states that upon accepting the plea, the court "may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). The language of this rule indicates that there does not need to be any delay between the plea and the sentence. Moreover, prior to accepting the plea, McGhee was informed that there would be no delay between the plea and sentencing. (02/10/04 Tr. 3). Thus, for all of those reasons this argument fails and this assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 25} "Appellant was prejudiced by ineffective assistance of counsel."
 {¶ 26} To prove an allegation of ineffective assistance of counsel, McGhee must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984), 466 U.S. 668,687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Strickland, 466 U.S. at 687. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 27} McGhee contends that both of his attorneys were ineffective. He argues that the first attorney, who did the suppression motion, was ineffective for failing to file a suppression motion on the coat that the drugs were found in. He additionally claims that the second attorney, Attorney Olivito, was ineffective for failing to talk to any witnesses and always wanting him to plead guilty to the charges.
 {¶ 28} The state rebuts these arguments by contending that neither of the elements of ineffective assistance of counsel are met. In a footnote, the state additionally asserts that McGhee's argument about his first attorney's alleged ineffectiveness in the suppression motion is not an issue before this court because McGhee did not appeal the order overruling the motion to suppress. The state's contention is incorrect. A ruling on a motion to suppress is not a final appealable order. State v.Lebron (Nov. 22, 1999), 7th Dist. No. 99CA35.
 {¶ 29} That said, case law states that a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself. Ross v. Common Pleas Court ofAuglaize Cty. (1972), 30 Ohio St.2d 323. "Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling." State v. McQueeney,148 Ohio App.3d 606, 2002-Ohio-3731, at ¶ 13.
 {¶ 30} The Second Appellate District has stated that when a defendant complains that his trial counsel failed to adequately perform at the suppression hearing, "entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of defendant's trial rights and the entry of his plea to be less than knowing and voluntary." State v. Carson, 2d Dist. No. 20285, 2004-Ohio-5809. See, also, State v. Spates,64 Ohio St.3d 269, 1992-Ohio-130.
 {¶ 31} In the situation before this court, as to the first attorney, there is no such claim. Thus, McGhee's ineffective assistance of trial counsel claim as to the first attorney is waived.
 {¶ 32} Regardless, even if it is not waived, the ineffective assistance of counsel claim would fail. The jacket containing the drugs would not have been suppressed because it was discoverable under an inventory search. An inventory search is considered an administrative function of the police that serves three purposes: (1) it protects an individual's property while it is in police custody; (2) it protects the police against frivolous claims of lost, stolen or vandalized property; and (3) it protects the police from weapons. State v. Mesa,87 Ohio St.3d 105, 109, 1999-Ohio-253. McGhee was being arrested for driving with a suspended license. The car was going to be towed. Furthermore, it appears from the tape that McGhee may have asked for his jacket. Thus, in order for the police to protect themselves from him while he was in their cruiser, they would pat down the jacket. Thus, as to the first attorney, the elements of ineffective assistance of counsel could not be met.
 {¶ 33} As to his second attorney, McGhee is claiming that he was ineffective for coercing him into entering the plea. While this issue is not waived for purposes of appellate review, Carson, 2004-Ohio-5809, as explained under the first assignment of error, the record is devoid of any indication that McGhee was coerced into entering the plea. Thus, this argument fails.
 {¶ 34} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] The plea was entered the day of trial.