OPINION
{¶ 1} Defendant-appellant, Larry Jennings, appeals from a Belmont County Western Division Court judgment convicting him of operating a motor vehicle under the influence of alcohol after a guilty plea.
 {¶ 2} On March 26, 2005, Deputy Steven Curfman noticed an exit sign turned completely sideways at the 213 exit ramp on Interstate 70. The sign was still rocking from something striking it. Curfman also observed appellant's vehicle at the end of the exit ramp with dust flying around it and a flat tire.
 {¶ 3} Curfman stopped and approached appellant's vehicle. He noticed that appellant had red eyes, slurred speech, and a strong odor of alcohol about his person. Appellant admitted to having consumed about six beers. At this time, Curfman received an emergency call involving a hostage situation that he had to respond to. Therefore, without conducting any field sobriety tests, Curfman placed appellant under arrest.
 {¶ 4} Appellant blew a .244 on his breathalyzer test. Curfman cited appellant for operating a motor vehicle under the influence of alcohol (OMVI), in violation of R.C. 4511.19(A)(8),[1]
and reckless operation, in violation of R.C. 4511.20. The OMVI charge was subsequently amended to an OMVI second offense.
 {¶ 5} Appellant filed a motion to suppress the results of his breathalyzer test. He alleged that Curfman did not have probable cause to stop him or arrest him. The trial court held a hearing on the motion where it heard testimony from Curfman. It subsequently overruled the motion.
 {¶ 6} After the trial court denied his motion to suppress, appellant entered a guilty plea. The court convicted appellant and sentenced him to 180 days in jail, with 160 days suspended; ordered him to pay a fine of $350, plus costs; ordered him not to violate any traffic laws for two years; and ordered him to be evaluated by Crossroads and follow all recommendations. Appellant filed a timely notice of appeal on July 1, 2005.
 {¶ 7} Appellant raises two assignments of error, the first of which states:
 {¶ 8} "THE ARRESTING OFFICER DID NOT HAVE REASONABLE SUSPICION OF CRIMINAL ACTIVITY TO STOP AND DETAIN THE APPELLANT."
 {¶ 9} Appellant argues that Curfman did not have a reasonable suspicion to stop him. Appellant asserts that although Curfman cited him for reckless operation, Curfman did not witness him driving his car in a reckless manner nor did Curfman witness him committing any other traffic violations.
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "THE ARRESTING OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST THE APPELLANT."
 {¶ 12} Here, appellant argues that Curfman did not have probable cause to arrest him for OMVI. He points out that Curfman did not ask him to perform any field sobriety tests. Furthermore, appellant notes that Curfman did not observe him driving erratically. Additionally, appellant asserts that the grade and contour of the road could have been the reason for his unsteadiness on his feet. Finally, he contends that the mere appearance of drunkenness resulting from such indicators as slurred speech, bloodshot eyes, or the odor of alcohol are not sufficient probable cause to arrest someone for OMVI.
 {¶ 13} Before we can consider the merits of appellant's assignments of error, we must address plaintiff-appellee's, the State of Ohio's, argument that appellant has failed to preserve these issues for appeal. Appellee contends that because appellant pled guilty, he waived all errors except those relating to the voluntariness of his plea. Specifically, appellee asserts that by entering a guilty plea, appellant waived the right to appeal the propriety of the trial court's suppression ruling. Citing, Statev. McQueeney, 148 Ohio App.3d 606, 774 N.E.2d 1228,2002-Ohio-3731.
 {¶ 14} Appellee is correct. Appellant entered a guilty plea to OMVI. He did not enter a plea of no contest. This distinction is important because a defendant who enters a guilty plea waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings, except the constitutionality of the plea itself. State v. McGhee, 7th Dist. No. 04-JE-11,2005-Ohio-1334, at ¶ 29, citing Ross v. Common Pleas Court ofAuglaize Cty. (1972), 30 Ohio St.2d 323, 285 N.E.2d 25. "`Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling.'" Id., quoting McQueeney, 148 Ohio App.3d at ¶ 13.
 {¶ 15} Accordingly, appellant has waived review of his assignments of error.
 {¶ 16} But even if appellant had not waived review of these assignments of error, the result would be the same.
 {¶ 17} First, appellant argues that Curfman did not have probable cause to stop him. However, Curfman's testimony demonstrated otherwise. He testified that as he was traveling on Interstate 70, he noticed that the sign for the 213 exit was completely sideways and still shaking. Curfman then went down the exit ramp and saw appellant's vehicle coming to a stop with dust moving around it. He also observed that appellant's back left tire was flat and the rim was spinning in the mud. Given Curfman's observations, it was reasonable for him to suspect that appellant's vehicle had just struck the 213 exit sign. Therefore, Curfman had probable cause to stop appellant.
 {¶ 18} Appellant also argues that the mere appearance of drunkenness resulting from such indicators as slurred speech, bloodshot eyes, or the odor of alcohol are not sufficient probable cause to arrest someone for OMVI. However, Curfman observed several other factors to provide him with probable cause to arrest appellant.
 {¶ 19} Although Curfman did not actually witness appellant driving erratically, the circumstances he observed, i.e., a broken exit sign still vibrating, appellant's vehicle coming to a stop at the end of exit ramp, and damage to appellant's vehicle, would lead a reasonable officer to the conclusion that appellant's vehicle had just struck the exit sign. Additionally, Curfman testified that appellant was still accelerating on the gas pedal when he approached the car. Thus, appellant was clearly the operator of the vehicle. For these reasons, it was not necessary for Curfman to have witnessed appellant driving erratically.
 {¶ 20} Furthermore, Curfman testified that when he approached appellant he noticed that appellant had very red, very hazy eyes. Appellant also had slurred speech and a strong odor of alcohol about him. And appellant denied that he had just had an accident. When Curfman asked appellant to exit the vehicle, appellant stumbled "quite a lot." Moreover, upon inspection, Curfman noticed that the broken exit sign had paint on it that matched the color of appellant's vehicle and that tire tracks corresponded from the sign to where appellant's vehicle was stopped. Appellant then informed Curfman that he had consumed about six beers.
 {¶ 21} Additionally, Curfman testified as to why he did not conduct any field sobriety tests. He stated that when he was calling for a tow truck for appellant's vehicle, he received an emergency call involving a hostage situation to which he had to respond. At that point, he placed appellant under arrest.
 {¶ 22} Given all of the above circumstances, Curfman had probable cause to arrest appellant for OMVI. Appellant had just been involved in an accident, he was clearly the driver, and he appeared intoxicated. Furthermore, he admitted to drinking six beers and stumbled when walking. Thus, even if appellant had properly preserved the suppression issues for review, we would conclude that the trial court properly denied the motion to suppress.
 {¶ 23} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] Now known as R.C. 4511.19(A)(1)(h).