[Cite as *State v. Holycross*, 2024-Ohio-2869.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NATHAN ALLEN HOLYCROSS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0051**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 CR 243

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Charles A.J. Strader*, for Defendant-Appellant.

Dated: July 26, 2024

**DICKEY, J.**

{¶1} Appellant, Nathan Allen Holycross, appeals from the October 24, 2023 judgment of the Belmont County Court of Common Pleas consecutively sentencing him to a total of 24 months in prison for importuning and possessing criminal tools and labeling him a Tier I Sex Offender following a guilty plea. On appeal, Appellant argues the trial court erred in denying his pro se oral motion to continue the trial and further asserts the court erred in imposing consecutive sentences. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On November 3, 2022, Appellant was indicted by the Belmont County Grand Jury on a single count of importuning, a felony of the fifth degree in violation of R.C. 2907.07(D)(2) and (F)(3). The charges stem from the 45-year-old Appellant's involvement in traveling two-and-a-half hours to meet what he thought was a 14-year-old girl to take photographs of her and possibly engage in sexual intercourse. Appellant took a bag of clothes for a female girl, bathing suits, and condoms. Over 40,000 pictures and videos, including of young girls, were later discovered on Appellant's cell phone. Appellant was appointed counsel and pled not guilty at his arraignment.

{¶3} A jury trial was scheduled for February 28, 2023. On February 17, 2023, Appellant filed a motion to continue. The trial court continued the trial generally and rescheduled the plea hearing for March 20, 2023. At the plea hearing, the court was advised that no agreement had been reached and trial was set for June 27, 2023.

{¶4} On June 22, 2023, Appellee, the State of Ohio, filed a motion to continue notifying the trial court that it intended to present the case to the July Grand Jury for consideration of additional charges. The court granted the State's motion four days later.

{¶5} On July 6, 2023, the Belmont County Grand Jury returned a superseding indictment against Appellant charging him with the original count of importuning (count one), a felony of the fifth degree in violation of R.C. 2907.07(D)(2) and (F)(3), and three counts (counts two, three, and four) of possessing criminal tools, felonies of the fifth degree in violation of R.C. 2923.24(A) and (C). Appellant pled not guilty.

**{¶6}** A jury trial was scheduled for August 17, 2023. On July 31, 2023, the State filed a motion to continue due to the lead investigating officer's unavailability. On August 7, 2023, the trial court granted the State's motion and rescheduled the trial for September 19, 2023.

**{¶7}** On the morning of the rescheduled jury trial, Appellant appeared with his attorney. Although he was represented by counsel, Appellant made two pro se oral motions. (9/19/2023 Plea Hearing Tr., p. 3-8). First, Appellant argued his speedy trial rights were violated. (*Id.* at p. 4). Regarding speedy trial, the State specifically indicated on the record:

> [PROSECUTOR]: . . . I think our start date is September 24 of 2022. That was the date of arrest.
>
> . . .
>
> On February 17, 202[3], the defendant filed a motion to continue acknowledging, I believe in that motion, that speedy trial time for the continuance would be waived or would be attributable to the defendant.
>
> Shortly after that was filed, an entry went on by this Court - - I believe it was Judge Solovan at that time - - put an entry granting the continuance and also acknowledging that all speedy trial time for the delay was attributable to the defendant.
>
> The trial date after being canceled - - it was originally set for February 28, 2023 - - was then reset for June 27th, 2023.
>
> So from February 17, 2023 to June 27, 2023 that time is tolled or is against the defendant as far as speedy trial purposes.
>
> So you're taking four months, or a little over four months out of that 12-month calculation, which brings us back into the eight-month realm, or less than the 270 days or nine months for speedy trial purposes.

Now, the State did file a continuance in June of that - - June 27th date. Matter was reset in August. The State filed a motion to continue the August date. Now that motion was based on the unavailability of the officer, as he was on family vacation at that time.

So I actually believe there is case law that indicates that that continuance is not calculated against the State either, although I don't think that really matters with the four months or four-plus months that we have waived by the defendant's motion to continue.

(*Id.* at p. 4-6).

**{¶8}** Appellant's counsel agreed with the State that a significant portion of the delay was attributed to Appellant and therefore, there was no speedy trial issue. (*Id.* at p. 6). The trial court found "we're still under the 270 days based on the defendant's continuance in February" and overruled Appellant's pro se oral motion. (*Id.* at p. 7).

**{¶9}** Second, Appellant argued he was not prepared for trial and was not comfortable with his attorney. (*Id.* at p. 8). Appellant alleged he had not met with his attorney but his counsel disagreed. (*Id.* at p. 9-11). Appellant's counsel indicated he was ready for trial. (*Id.* at p. 11). Appellant also claimed that he believed he was supposed to receive additional discovery from the State through his representative but said he did not receive anything. (*Id.* at p. 14). Appellant's counsel and the State agreed there was no additional evidence as the superseding indictment was based on the same exact evidence that had already been provided. (*Id.* at p. 14-15). The trial court overruled Appellant's request for additional counsel. (*Id.* at p. 19). The court gave Appellant a reasonable period of time that morning to further discuss the case with his attorney. (*Id.* at p. 24).

**{¶10}** Thereafter, Appellant entered into plea negotiations with the State. Appellant agreed to plead guilty to all four counts in the superseding indictment. (*Id.* at p. 25-27). A written guilty plea was filed on September 21, 2023. The parties agreed to the following: "Joint recommendation of 12 months in prison. Court may sentence to more or less. Parties agree that Counts 2, 3, & 4 merge with one another. Tier I Sex Offender." (9/21/2023 Written Plea of Guilty, p. 3).

{¶11} The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court found Appellant guilty on all four counts, ordered a pre-sentence investigation ("PSI"), and deferred sentencing.

{¶12} A sentencing hearing was held on October 16, 2023. The trial court considered the record, the letter submitted by Appellant's family member, the oral statements, and the PSI. The court also considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the prison factors under R.C. 2929.13. The court found that consecutive sentences pursuant to R.C. 2929.14 are not disproportionate to the seriousness of Appellant's conduct and are necessary to protect the public from future crimes and to punish Appellant.

{¶13} On October 24, 2023, the trial court sentenced Appellant to 12 months on count one. The court merged counts two, three, and four and imposed an additional term of 12 months to be served consecutively to count one. Thus, Appellant was sentenced to a total prison term of 24 months, less 32 days of jail-time credit. The court labeled Appellant a Tier I Sex Offender. The court further notified Appellant that he would be subject to five years of post-release control.

{¶14} Appellant filed this appeal and raises two assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT COMMITTED PREJUDICIAL, REVERSIBLE ERROR, WHEN IT DENIED APPELLANT'S REQUEST TO CONTINUE THE TRIAL TO HIRE NEW COUNSEL.**

{¶15} In his first assignment of error, Appellant argues the trial court erred in denying his pro se oral motion to continue the trial.

{¶16} "[A] defendant who enters a guilty plea waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings, except the constitutionality of the plea itself." *State v. Jennings*, 2006-Ohio-1291, ¶ 14 (7th Dist.), citing *State v.*

*McGhee,* 2005-Ohio-1334, ¶ 29 (7th Dist.), citing *Ross v. Common Pleas Court of Auglaize Cty.*, 30 Ohio St.2d 323 (1972).

**{¶17}** In this case, Appellant entered a guilty plea which waives all non-jurisdictional errors, including a motion to continue trial. *State v. MacConnell*, 2006-Ohio-1973, ¶ 7 (2d Dist.). Appellant does not contend that the denial of the motion to continue affected the knowing, intelligent, and voluntary nature of his plea. In fact, there is no evidence that Appellant's plea was not knowing, intelligent, and voluntary.

**{¶18}** The record reveals the trial court permitted Appellant additional time to discuss the matter with his counsel. Appellant was asked specifically if he had time to consider the plea with his attorney to which he replied, "Yes, Your Honor." (9/19/2023 Plea Hearing Tr., p. 33). The court engaged in the requisite plea colloquy and accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.

**{¶19}** Even if the alleged errors were not waived, Appellant's argument lacks merit. Appellant's motion was made orally, pro se, on the morning of trial while the jury was waiting in the hallway and after Appellant had just asserted that his speedy trial rights were violated. Appellant's counsel did not join in the motion. As this court has held, "a trial court may disregard pro se motions filed when the defendant is represented by counsel and counsel does not join in the motion." *State v. Givens*, 2023-Ohio-2898, ¶ 37 (7th Dist.), citing *State v. Runner*, 2022-Ohio-4756, ¶ 34 (7th Dist.)

**{¶20}** As addressed, Appellant did not provide a specific reason for the requested continuance. Appellant merely claimed he was not prepared for trial and was not comfortable with his attorney. (*Id.* at p. 8). Appellant alleged he had not met with his attorney but his counsel disagreed. (*Id.* at p. 9-11). Appellant's representative indicated he was ready for trial. (*Id.* at p. 11). Appellant mentioned wanting to subpoena the St. Clairsville Police Department's "policies and procedures" to see if those policies were followed. (*Id.*) The State explained there had been no request for those policies for a year that the case was pending. (*Id.* at p. 12). The State further represented there were no such policies. (*Id.*)

**{¶21}** Appellant also claimed he believed he was supposed to receive additional discovery from the State through his counsel but said he did not receive anything. (*Id.* at

p. 14). Appellant's counsel and the State agreed there was no additional evidence as the superseding indictment was based on the same exact evidence that had already been provided. (*Id.* at p. 14-15). Appellant again indicated he was uncomfortable with his appointed attorney and believed his friends may be able to help him retain counsel. (*Id.* at p. 18-20). The trial court asked Appellant if he could present any basis as to why his appointed counsel should not represent him. (*Id.* at p. 19). Appellant replied, "I mean not - - not that I know of, Your Honor." (*Id.*) The court overruled Appellant's request for additional counsel. (*Id.*) The court gave Appellant a reasonable period of time that morning to further discuss the case with his attorney. (*Id.* at p. 24).

**{¶22}** Based on the facts presented, the trial court did not err in denying Appellant's pro se oral motion to continue the trial.

**{¶23}** Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES.**

**{¶24}** In his second assignment of error, Appellant contends the trial court erred in imposing consecutive sentences.

**{¶25}** R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

In reviewing consecutive sentence arguments, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, the question is whether the appellate court "clearly and convincingly finds" (1) the record does not support the sentencing court's findings under R.C. 2929.14(C)(4) or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b). A clear and convincing standard involves "a firm belief or conviction" (and is a higher standard than a mere preponderance of the evidence). *Cross v. Ledfo*rd, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. A sentence is contrary to law if the sentencing court fails to make the statutory consecutive findings. *Id.* (remanding for resentencing where the findings were not made at the sentencing hearing or in the entry).

Case No. 23 BE 0051

Pursuant to R.C. 2929.14(C)(4), a felony sentencing court can impose consecutive sentences after finding: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the three options thereafter listed as (a) through (c). R.C. 2929.14(C)(4)(a)-(c). "(A) word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209 at ¶ 29.

*State v. Jensen*, 2023-Ohio-4717, ¶ 6-8 (7th Dist.)

The Ohio Supreme Court has recently spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. In *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, ―― N.E.3d ――, and held that "(t)he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."

*State v. Grant*, 2023-Ohio-4614, ¶ 23 (5th Dist.)

{¶26} The Ohio Supreme Court has now made it clear that "an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Gwynne*, 2023-Ohio-3851, ¶ 15. "The statutory language does not require that the appellate court have a firm belief or conviction that the record supports the findings." *Id.* Thus, the Ohio Supreme Court in 2023 *Gwynne* specifically rejected the holding in 2022 *Gwynne* with respect to conducting a de novo review. *Id.* In short, we

should review the sentence imposed by the trial court and only reverse if the record does not clearly and convincingly support the trial court's findings. *Gwynne*, 2023-Ohio-3851; *Grant* at ¶ 23.

**{¶27}** At the sentencing hearing, the trial court heard from the prosecutor on behalf of the State, defense counsel on behalf of Appellant, and Appellant.

**{¶28}** In imposing consecutive sentences, the court found the following:

THE COURT: . . . Mr. Holycross, at 45 years of age, you drove two-and-a-half hours to meet what you thought was a 14-year old girl. According to the police report, you contacted the Facebook page run by the St. Clairsville Police Department that was set up to be a profile of a 14-year old child.

Then you turned the conversation to discussions about sex acts that no young female should have, let alone with a 45-year-old male.

Then you arranged to come get her when you thought her mother would not be home. Then, again, you drove two and a half hours and were arrested with condoms and young female clothing.

When you were questioned by the officers, you took the position that you were only going to have sex with her if she initiated it. As long as she was good with it, so were you. Those were your words.

You did admit that you tried to seek help for this before, but you just prefer younger girls, children.

In the PSI, I expected to see remorse from you. . . .

. . .

No remorse at all was provided by you. Not even a shred in that PSI. No plan to address these issues that you have.

Then I've also read a letter that your family member submitted. . . .

. . . They also added that you undertake work with Boy Scouts and Girl Scouts, which concerned this Court greatly.

Your criminal record is just as disturbing. You have a prior conviction for this exact same conduct, although you got it reduced.

. . .

The St. Clairsville Police Department in this case should be applauded for the work they've done in protecting children from people like you, because you are every parent's worst nightmare.

Your record, your comments in the PSI give every indication that you will do this again.

. . .

But I do take some solace in while you are serving this sentence, you will not be able to harm a single child.

. . .

The Court has considered the oral statements, the presentence report, as well as the principles and purposes of sentencing under 29[2]9.11 and has balanced the seriousness and recidivism factors under 29[2]9.12.

. . .

In accordance with 2929.13(a), this Court finds a combination of sanctions, pursuant to Revised Code 2929.14 through 2929.18 is appropriate.

This Court, in its discretion, has determined the most effective way to comply with the purposes and principles of sentencing, set forth in 2929.11, and has considered the factors contained in 2929.12(B)(C)(D) and (E) and any other factor relative to achieving those purposes and principles.

In light of that guidance, the Court finds that certain factors contained in 2929.12(B) and (D) apply to the defendant as follows:

The defendant has a history of adult convictions; attempted importuning, contributing [to] the unruliness of a child, telephone harassment, attempted telephone harassment, criminal trespass, disorderly conduct, criminal mischief, attempted criminal mischief, menacing by stalking and possession of criminal tools.

The defendant has not responded to sanctions previously imposed. The defendant has demonstrated a pattern of criminal activity, without a good faith attempt at treatment or a change in lifestyle.

The Court further finds the defendant has previously served time of local incarceration.

In accord with 2929.12(C) and (E) which suggests that recidivism is less likely, the Court finds no additional mitigating factors exist which suggest that recidivism is less likely.

. . .

Additionally, this Court finds the defendant's conduct to be one of the worst it has seen and constitutes a continuing pattern of conduct by the defendant.

Therefore it is ordered that the defendant will serve a prison term of 12 months for Count I, importuning, a violation of Ohio Revised Code Section 2907.07(B)(2), Counts II, III and IV, a violation of ORC 2923.24(A) and (C) are all felonies of the fifth degree and merge.

Therefore, pursuant to that merger, this Court imposes an additional 12-month prison term to be [served] consecutively with Count I, as the Court finds consecutive sentences are not disproportionate to the seriousness of defendant's conduct and, based upon the danger this defendant poses to the public and the offender's history of criminal conduct, demonstrates

Case No. 23 BE 0051

consecutive sentences are necessary to protect the public from future crimes by the defendant. . . .

(10/16/2023 Sentencing Hearing Tr., p. 8-9, 11-17).

**{¶29}** The trial court made a similar pronouncement in its October 24, 2023 sentencing entry. *See* (10/24/2023 Sentencing Entry, p. 1-3). The court again specifically stated:

. . . The Court has considered the record, oral statements, the pre-sentence report, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors under R.C. 29[2]9.12.

. . .

In accord with R.C. 2929.13(A), the Court finds a combination of sanctions pursuant to R.C. 2929.14 through R.C. 2929.18 is appropriate. . . .

. . .

As the Court finds consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and based upon the danger this Defendant poses to the public and offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crimes by the Defendant.

(*Id.*)

**{¶30}** The record in this case reflects no sentencing error. The trial court gave due deliberation to the relevant statutory considerations and properly advised Appellant regarding post-release control. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and considered the prison factors under R.C. 2929.13.

**{¶31}** In addition, the trial court made the requisite consecutive sentence findings, which are supported by the record, at the sentencing hearing and in its sentencing entry.

The court found that consecutive sentences are necessary to protect the public from future crime and to punish Appellant and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. R.C. 2929.14(C)(4). The court also found Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(C)(4)(c).

**{¶32}** Accordingly, the trial court considered R.C. 2929.11, 2929.12, and 2929.13, and its imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(c) is supported by the record.

**{¶33}** Appellant's second assignment of error is without merit.

## CONCLUSION

**{¶34}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The October 24, 2023 judgment of the Belmont County Court of Common Pleas consecutively sentencing Appellant to a total of 24 months in prison for importuning and possessing criminal tools and labeling him a Tier I Sex Offender following a guilty plea is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

[Cite as *State v. Holycross*, **2024-Ohio-2869.**]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**